CHARLES H. HOULTON *vs.* HENRY MANTEUFFEL *et al.*

Submitted on briefs Oct. 7, 1892. Decided Oct. 29, 1892.

**Evidence—Certificate of Baptism.**

> A statement as to a child's age in the certificate or registry of his baptism is, alone, no proof of the date of his birth.

**Date of Birth—How Proved.**

> The date of a person's birth may be testified to by himself or by members of his family, although they know the fact only by hearsay based on family tradition.

**Note of Infant—Ratification by Promise to Pay.**

> A person, while a minor, executed a note for part of the purchase price of land. After he attained his majority, he and the vendor agreed upon an arrangement by which the latter agreed to remit the accrued interest, and the former promised to keep the land and pay the principal of the note. *Held*, that this amounted to an affirmance of the contract, at least to the extent of the amount promised to be paid.

**Same—Agreement not Carried Out.**

> *Also*, that the effect of this promise as an affirmance was not avoided by the fact that, because of a subsequent disagreement of the parties as to the amount of the interest, the arrangement was never carried out.

Appeal by Henry Manteuffel, one of the defendants, from an order of the Municipal Court of the City of St. Paul, *Cory*, J., made May 31, 1892, refusing a new trial.

This action was brought by the plaintiff, Charles H. Houlton, against the defendants, Henry Manteuffel and Hedwig Anna Manteuffel, to recover $207 on a promissory note, dated July 1, 1889, due two years thereafter, made by the defendants and payable to the order of the plaintiff. The defendants answered that the note was given for part of the purchase price of certain real estate conveyed by plaintiff to Henry Manteuffel; that both of the defendants were infants at that time, and that since coming of age they had disaffirmed and tendered to plaintiff a deed of the real estate. The reply denied these allegations. On the trial, to prove infancy, defendants offered in evidence a certificate of the baptism of Henry Manteuffel. This was excluded, as was also the testimony of Henry Manteuffel and of William Manteuffel, his uncle, that Henry was born September 8, 1868. There was evidence of disaffirmance by defendants, and of a ratification of the transaction by defendant Henry Manteuffel a year after he became of age. The trial court found that the allegations of the answer were "either untrue, or not proven," and ordered judgment for the plaintiff. Defendant Henry Manteuffel made a motion for a new trial, and from an order denying it, he appeals.

*B. F. Latta*, for appellant.

The defense of infancy was established; the testimony of Henry Manteuffel and of his uncle as to Henry's age was competent. *Hill* v. *Eldridge*, 126 Mass. 234; *Cheever* v. *Congdon*, 34 Mich. 296; *State* v. *Cain*, 9 W. Va. 559.

*R. A. Walsh*, for respondent.

The certificate of baptism was not competent evidence to prove defendant's infancy. *Rex* v. *Clapham*, 4 Car. & P. 29; *Wihen* v. *Law*, 3 Stark. N. P. 63. The testimony of defendant Henry and of his uncle was incompetent. But even if infancy was established, there is abundant evidence of defendant's ratification of the contract after he became of age.

MITCHELL, J. 1. Assuming that the certificate of defendant's baptism, "issued by his church," would have been admissible as an official entry or register to prove the fact and date of his baptism, it was not competent to prove his age or the date of his birth.

An official entry or register must speak only to that which it was the duty or business of the official to do, and not of extraneous facts, which did not occur in his presence. Consequently the mention of a child's age in the registry of christenings is, alone, no proof of the date of his birth. 1 Greenl. Ev. § 493; *Burghart* v. *Angerstein,* 6 Car. & P. 690; *Rex* v. *Clapham,* 4 Car. & P. 29; *Wihen* v. *Law,* 3 Starkie, 63. The certificate was properly excluded.

2. The date of a person's birth may be testified to by himself or by members of his family, although he must, and they may, know the fact only by hearsay based on family tradition. This falls within the rule admitting such hearsay evidence in matters of *"pedigree,"* which term embraces not only descent and relationship, but also the facts of birth, marriage, and death, and the times when these occurred. 1 Greenl. Ev. § 104; *Hill* v. *Eldridge,* 126 Mass. 234; *Commonwealth* v. *Stevenson,* 142 Mass. 466, (8 N. E. Rep. 341;) *Cheever* v. *Congdon,* 34 Mich. 296.

The evidence admitted as to defendant's age was therefore competent, and was, in our opinion, such as to require a finding that, at the time of the execution of the note sued on, the defendant was a minor; and consequently, the findings of the court, in so far as they were to the contrary, were not justified by the evidence. But for the reason hereafter stated this was not prejudicial error.

3. Assuming that the defendant was a minor when he executed the note, the remaining question was whether he had ratified it after he became of age, either by express act, or by failing to disaffirm within a reasonable time after majority. On this issue the findings of the court (to the general nature of which no objection was made) are also against the defendant. According to the doctrine of this court, as laid down in *Goodnow* v. *Empire Lumber Co.,* 31 Minn. 468, (18 N. W. Rep. 283,) the defendant was bound to repudiate or disaffirm within a reasonable time after majority. Had the action of the defendant stopped there, we think that the notice of repudiation,

and the reconveyance of the land, for which the note in question was given, left at plaintiff's last usual place of abode with his sister, (he himself having in the mean time gone to another state,) some two and a half months after defendant became of age, would, under the circumstances, have constituted a sufficient disaffirmance. We are also of opinion that mere offers on part of defendant, by way of settlement of the claim made against him, to deed back the land if plaintiff would refund part of what he had paid, or even return him his note, did not constitute any affirmance of the contract. But the undisputed evidence is that after all these things had occurred, and nearly a year after defendant attained his majority, he and the plaintiff came to an arrangement, by which, in consideration of the latter's agreement to remit the interest, the former agreed and promised to keep the land, and pay the principal of the note. In our opinion this promise amounted to such an acknowledgment of the contract on part of defendant as to not only justify, but also require, a finding that there had been a ratification. The effect of this promise as an acknowledgment and affirmance of the contract was not affected by the fact that the arrangement was never carried out because of a subsequent disagreement of the parties as to the amount of the accrued interest. Whether this promise bound the defendant to pay the whole debt, or only the part which he promised to pay, and whether under the evidence there was any variance between the pleadings and the proof, are questions which we do not consider, as no such points were raised either here or in the court below. See, however, *Edgerly* v. *Shaw*, 25 N. H. 514.

Both parties lumbered up the case with much immaterial evidence, the admission of some of which the defendant here assigns as error, but, in view of the undisputed evidence of ratification already referred to, we think it was error without prejudice.

The result is that the order appealed from must be affirmed.

(Opinion published 53 N. W. Rep. 541.)