COMMONWEALTH *vs.* GEORGE H. PHILLIPS.

Suffolk.    November 26, 1894. — January 1, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Rape— Evidence — Instruction — Interrogatory improper in Form.*

At the trial of an indictment for rape upon a girl alleged to be under sixteen years of age, her testimony as to her age, even if hearsay, is competent; and an instruction that to determine her age the jury may take into consideration her appearance in connection with her testimony is correct.

At the trial of an indictment for rape upon a girl alleged to be under sixteen years of age, the mother was asked, on direct examination, " Did your little girl complain to you of what this man [the accused] had done to her ? " and she answered, " Yes." She also testified that the girl told her two days after the assault, and on the following day the physician examined the girl. The defendant objected, and the objection was overruled. *Held,* that, although the question was improper in form because it introduced the name of the accused, yet, as the objection was not shown to have called the attention of the presiding justice to the point, and no request was made to withdraw the question and answer from the consideration of the jury, the defendant had no ground of exception.

INDICTMENT, in three counts, for rape on Lizzie Berkman, Sarah Marcus, and Rosa Finklestein, on April 19, 1894; said Lizzie,. Sarah, and Rosa each being alleged to be under sixteen years of age.

At the trial in the Superior Court, before *Bond,* J., the jury returned a verdict of assault with intent to rape Lizzie Berkman and Sarah Marcus, and not guilty on the count charging a rape . on Rosa Finklestein. The defendant alleged exceptions, in substance as follows.

The defendant, to show a motive for the prosecution, asked the mother of one of the girls, on cross-examination, if she had not said to one Finklestein, speaking of the defendant, " You ought to be ashamed to have such a man around you, boarding at your house; you and I are Jews, and you have no right to have that . Christian at your house." And she answered, " Yes, I did say so to Finklestein."

Afterward the counsel for the defendant, in putting in his case, to show bias on the part of the mother, asked Finklestein if she did not say to him, within two months, what she had already testified to. The judge, on objection, excluded the question.

The only evidence offered by the Commonwealth of the age of the children was the testimony of the children themselves, and the defendant contended that, inasmuch as·their evidence on this point was purely hearsay, the same was not competent to prove age. The judge ruled that such evidence was competent, to which ruling the defendant excepted.

On cross-examination, the children testified that their knowledge of their age was hearsay. The court instructed the jury, in substance, that to determine the age of the children they might take into consideration their appearance in connection with their testimony. To this ruling the defendant duly excepted.

The attorney for the government asked the mother of·the Berkman girl, on direct examination, " Did your little girl complain to you of what this man Phillips had done to her? " The mother replied, " Yes." She also testified that she told her on Sunday, and on the day after she told her the physician examined the child. The examination was on April 22, 1894. This was objected to by the defendant; the objection was overruled, and the defendant excepted.

*W. H. Baker*, for the defendant.

*M. J. Sughrue*, Second Assistant District Attorney, for the Commonwealth.

BARKER, J. 1. The exception to the refusal of the court to allow a witness for the defence to testify to a statement which had already been testified to upon cross-examination by a witness examined for the prosecution, is not argued upon the defendant's brief, and is waived.

2. The defendant's contention that the testimony of the children as to their own ages was incompetent, because hearsay, is unsound. Such testimony has been repeatedly held competent. See *Hill* v. *Eldridge*, 126 Mass. 234, and cases cited; also *Commonwealth* v. *Stevenson*, 142 Mass. 466.

3. There was no error in the instruction that to determine the age of the children the jury might take into consideration the appearance of the children in connection with their testimony. Whether their appearance tended to corroborate or to disprove their testimony is not stated, and in either case the appearance of a witness is a proper element for the consideration of a jury in weighing his testimony.

4. The question to the mother of one of the children, whether her child complained to her " of what this man Phillips had done," was improper in form, because it introduced the name of the accused, and it would no doubt have been excluded if objection had been made to the question upon that ground. But no such objection is shown to have been made. The objection is not shown to have called the attention of the presiding justice to the point now raised; nor was a request made to withdraw the question and the answer from the consideration of the jury. The answer was a simple affirmative coupled with the statement of the times when complaint was made by the child, and the exception must be overruled.          *Exceptions overruled.*