COMMONWEALTH *vs.* EMMONS HOLLIS.

Norfolk.   January 25, 1898. — February 28, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Carnal Knowledge — Evidence — Age — Certificate — Identity.*

At the trial of an indictment for having carnal knowledge of a female child under the age of sixteen years, evidence that the defendant and the girl had been in bed together, undressed, early in the morning, and that the girl's private parts soon after showed inflammation due to their contact with some foreign substance, is ordinarily sufficient to show carnal knowledge, and it is for the jury to determine how far the inference of guilt is weakened by the fact that the girl's hymen is not ruptured, that she denies that the defendant had intercourse with her, and that she and the defendant were cousins, living with the defendant's parents and three others in a house of only four rooms, one of which the defendant, the girl, and sometimes her father, occupied in common.

At the trial of an indictment for having carnal knowledge of a female child under the age of sixteen years, it is competent for the jury, where the girl when testifying is not asked her age, to consider her appearance in determining that question.

At the trial of an indictment for having carnal knowledge of a female child under the age of sixteen years, the certificate of the city clerk of her name, place, and time of birth, which is consistent with her testimony as to her name and place, and with the inference of age which might be drawn from her appearance, is competent, and in connection with her testimony is sufficient to warrant a finding of identity.

Where competent evidence has been introduced in support of all the material allegations of an indictment, its weight and sufficiency are ordinarily for the jury in the first instance, and the court is warranted in refusing to direct a verdict for the defendant.

INDICTMENT, alleging that the defendant, on May 11, 1897, at Randolph, in and upon Carrie E. Goldthwaite, a female child under the age of sixteen years, " feloniously did make an assault with the intent then and there her, the said Carrie E. Goldthwaite then and there feloniously to ravish and carnally known [*sic*] by force and against her will, and her the said Carrie E. Goldthwaite then and there by force and against her will feloniously did ravish and carnally know."   Trial in the Superior Court, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows.

The evidence for the government tended to show that the defendant and the girl had been in bed together, undressed, early

in the morning of the day set forth in the indictment, in a house in Randolph occupied by the defendant's parents, the defendant, his brother, his brother's wife, the Goldthwaite girl, and occasionally her father; that the house contained only four rooms, two of which were sleeping rooms up stairs; that the defendant and the girl, who were cousins, occupied one of these rooms together, although, as Goldthwaite testified, they slept in separate beds; that a physical examination of the girl was made on the thirteenth day of May by two physicians, who found a small sore on the inner surface of the genitals showing inflammation of the parts caused by some foreign substance coming in contact with them, but found the hymen intact.

On cross-examination one of the physicians testified that the hymen was in the same condition that it might have been found in a virgin; that there was nothing in its appearance which would necessarily indicate that the girl had had sexual intercourse; and that the inflammation of the vagina might be due to other causes than the penetration of it by the male genitals.

Goldthwaite, called by the government, testified that her name was Carrie Emma Goldthwaite, and that her home was in Newburyport; that at the time named in the indictment she was living in Randolph with her aunt, who was the defendant's mother; that she and the defendant were cousins; that they had slept in the same room together, but not in the same bed; and that the defendant never had, nor attempted to have, intercourse with her, and that on the night in question the defendant's brother and his brother's wife occupied the adjoining room.

The government offered in evidence a certified copy of the record of Goldthwaite's birth as follows: "State of Massachusetts. County of Essex. City of Newburyport. February twenty-second, one thousand eight hundred and eighty-five, at Newburyport, Carrie Emma Goldthwaite, child of Charles H. and Susan F. (Hewlitt). Birthplace of father, Randolph; of mother, Newburyport. I certify that the above is a true copy of the record, with the exception of the date and figures, which are expressed in the record in fair, legible date and figures as follows, viz.: 'Feb. 22, 1885.' George H. Stevens, Clerk of the City of Newburyport."

The defendant objected to the admission of the certificate, on the ground that there was no evidence to identify the girl described in it with the girl described in the indictment, but the judge overruled the objection, and admitted the certificate; and the defendant excepted.

At the close of the case for the government the defendant requested the judge to rule that there was no evidence upon which the jury could convict the defendant of the offence charged; that the government had not proved the material allegations of the indictment; that there was no evidence that the girl was under sixteen years of age, or to warrant the jury in finding that she had been carnally known and ravished by the defendant.

The judge declined so to rule, and submitted the case to the jury, under instructions that in order to constitute carnal knowledge there must be penetration, but not necessarily emission.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*A. P. French,* for the defendant.

*R. O. Harris,* District Attorney, for the Commonwealth.

ALLEN, J. The defendant contends that there was no evidence, or at any rate no sufficient evidence, to sustain the material allegations of the indictment.

1. As to carnal knowledge. The evidence tended to show that the defendant and the girl had been in bed together, undressed, early in the morning, and the physical condition of the girl tended to show carnal knowledge. Under ordinary circumstances, such evidence would be sufficient, and it was for the jury to determine how far the inference of guilt was weakened by the other facts relied on.

2. As to the age of the girl. Through inadvertence, perhaps, or for some other reason, she was not asked how old she was. Her testimony on this point would have been competent. *Commonwealth* v. *Phillips,* 162 Mass. 504. It was also competent for the jury to consider her appearance in determining her age. It may have been quite obvious that she was under sixteen. *Commonwealth* v. *Emmons,* 98 Mass. 6. *Keith* v. *New Haven &amp; Northampton Railroad,* 140 Mass. 175, 181. *Commonwealth* v. *Stevens,* 153 Mass. 421, 423. *Commonwealth* v. *Phillips,* 162

Mass. 504. See also *People* v. *New York County Justices*, 10 Hun, 224. The certificate was competent. Pub. Sts. c. 32, § 11. The only objection urged against it is that there was nothing to identify the girl described in the indictment with the girl described in the certificate. But the girl testified to her name in full, and this corresponded with the certificate. She also said that her home was in Newburyport, and the certificate showed that the girl therein described was born in Newburyport. These coincidences, with the inference of age which might be drawn from her appearance, were sufficient to warrant a finding of identity.

3. The defendant further contends that the whole evidence was too slight and inconclusive to warrant a conviction, and that for this reason the case ought to have been withdrawn from the jury; relying on *People* v. *Ledwon*, 153 N. Y. 10. Where an essential element in an offence is unsupported by evidence, no doubt this course should be adopted. *Commonwealth* v. *Merrill*, 14 Gray, 415. But where competent evidence has been introduced in support of all the material allegations of an indictment, the weight and sufficiency of such evidence are ordinarily for the jury, in the first instance. They may also be further considered by the court on a motion for a new trial, but ordinarily cannot be considered anew on a bill of exceptions. *Commonwealth* v. *Morris*, 1 Cush. 391. *Commonwealth* v. *Gillon*, 2 Allen, 505. *Commonwealth* v. *Hughes*, 2 Allen, 518. In the present case, we are unable to say that the evidence was insufficient in law, or so slight that it was the duty of the court to direct a verdict of not guilty.

*Exceptions overruled.*