(42 Misc. Rep. 195.)

WATERMAN v. WATERMAN et al.

(Supreme Court, Appellate Term.  November 30, 1903.)

1. BILLS AND NOTES—DEFENSES—INFANCY—QUESTION FOR JURY.
   In an action on a note, the defense of infancy, depending on defendant's uncorroborated testimony, should have been submitted to the jury.

2. SAME—APPEARANCE OF INFANT.
   Where the defense of infancy depended on defendant's uncorroborated testimony, the jury was authorized to consider defendant's personal appearance, and, if it was such as to render his nonage at the time of the act involved improbable, to disregard his testimony.

3. SAME—FAILURE OF CONSIDERATION—EVIDENCE—SUFFICIENCY.

In an action on a note, a defense of failure of consideration for the indorsement, which was given to enable the maker to purchase a business from the payee, was not supported by evidence that the payee had no title to the business, which had formerly been owned by the maker and his mother, as the maker had not consented to its transfer to the payee, since the sale by the mother was effectual, at least, to transfer to the payee such interest as she would have had on a dissolution of the firm, to which interest the maker succeeded, and since the maker's purchase from the payee was a ratification by him of the sale by his mother.

4. SAME—ESTOPPEL.

Where the maker of a note, with full knowledge of the facts, induced the payee, upon the faith thereof, to sell, and part with the possession of, a business, he was estopped from disputing the payee's right to sell the same, and his own receipt of consideration for the note.

Appeal from City Court of New York, General Term.

Action by Solomon Waterman against Edmund L. Waterman and Thomas L. Peniston. From several judgments for defendants, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Wm. J. Barker, for appellant.

Leopold Prince, for respondent Waterman.

Herman B. Goodstein, for respondent Peniston.

BISCHOFF, J. Clearly the judgments and order appealed from should be reversed. The maker's single defense was that when the note was given he was under the age of 21 years, and, upon his uncorroborated testimony to the fact of his nonage, the trial court dismissed the complaint as to him. This was error, since the question of infancy should have been submitted to the jury.

If we assume that it was competent to the maker of the note to testify to his nonage, for which there is authority (Commonwealth v. Phillips, 162 Mass. 504, 39 N. E. 109; Houlton v. Manteuffel, 51 Minn. 185, 53 N. W. 541; Cheever v. Congdon, 34 Mich. 296), it remained that any knowledge of the witness upon the subject was necessarily from hearsay, that the witness was a party in interest, and that his physical appearance was of importance in determining whether or not his testimony was deserving of credit. Commonwealth v. Phillips, supra. If his apparent maturity rendered the fact of his nonage when giving the note improbable, the jury would have been authorized to reject his testimony, and in that event the defense of infancy would have been wholly without support.

The defendant indorser's defense of a failure of consideration for the note was based upon the claim that his indorsement was given for the single purpose of enabling the maker, by purchase, to acquire possession from the plaintiff of a particular business, in which it was admitted he succeeded; that this business was at one time owned by the maker and his mother as copartners; that the plaintiff acquired it by purchase from the mother, but that his title thereto failed because the sale to him was made without the maker's consent;

¶ 4. See Estoppel, vol. 19, Cent. Dig. §§ 198, 203.

and that, for the reasons stated, the maker did not secure title by purchase from the plaintiff. The facts fell short of showing a failure of consideration, and the plaintiff's motion for the direction of a verdict in his favor should have been granted. Assuming the sale by the mother to have been ineffectual as a sale of the business, and transfer of the interests of the several partners therein, the plaintiff nevertheless succeeded to such interest as she would have had upon a dissolution of the firm and an accounting for the copartnership assets, and since the maker, by his purchase from the plaintiff, succeeded at least to that interest, for this note.

Again, though it might have been competent to the maker to dispute the validity of the sale by his mother to the plaintiff, because made without his previous consent, it was also competent to him to ratify it thereafter; and this he effectually did when, by his purchase from the plaintiff, he recognized the latter as the owner of the business.

We may add that the maker, having, with full knowledge of the facts, induced the plaintiff, upon the faith of the note, to sell and part with the possession of the business to him, was thereafter stopped from disputing the plaintiff's right to sell, and with it, therefore, the receipt of consideration. Costar v. Brush, 25 Wend. 628. It is unnecessary, however, to inquire how far this estoppel operated to prevent the indorser from asserting the failure of consideration. The indorsement was given for the maker's accommodation—giving to him for the very purpose of securing the business from the plaintiff—and, when he ratified his mother's sale to the plaintiff, he received all the consideration he and the indorser intended.

The several judgments, as well as the order appealed from, are reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.