## HELLAND v. COLTON STATE BANK.

The common-law rule as to contracts of an infant being changed only by Civ. Code, § 17, providing that a minor over 18 years old may make a contract beneficial to himself, which is voidable only by disaffirmance before or within a year after his majority, on restoring what he received or paying its equivalent, with interest, his contract of suretyship, from which he can derive no advantage, may be avoided by his merely disaffirming it as provided by said statute.

Plaintiff, in an action based on his contract of suretyship, it having been made when he was a minor and his disaffirmance of it after his majority, having testified that he did not attain his majority till a

certain time after the making of the contract, and this being undisputed, and there being no controverting circumstances, and no instruction having been requested that in determining whether plaintiff's testimony as to his age, which was evidently hearsay, was worthy of belief, his interest or physical appearance should be taken into consideration, but the only defense sought to be established at the trial being ratification after plaintiff became of age, it was not reversible error to instruct that plaintiff, it seems, was at the time of making the contract a minor, and became of age a certain time thereafter, that testified to by plaintiff.

(Opinion filed, January 10, 1906.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Nelson O. Helland against the Colton State Bank. Judgment for plaintiff. Defendant appeals. Affirmed.

*Rogde & Winans,* for appellant. *Joe Kirby,* for respondent.

FULLER, P. J. Plaintiff's liability as surety on the promissory note of another was the ultimate question presented by this action to recover $215, collected by the defendant bank as the aggregate amount due on two promissory notes, of $100 each, belonging to plaintiff and indorsed to such bank as collateral security. The uncontroverted facts out of which the points presented on this appeal arose may be stated thus: Plaintiff, a native of Norway, who claims that he was under the age of 21 years and unable to speak the English language, borrowed $60 from the defendant bank on the 11th day of March, 1904, giving his note therefor secured by the two notes above mentioned, which were executed and delivered to him by Martin Austin in settlement for labor performed prior to November 1, 1903. These collateral notes were fully paid to the bank on the 5th day of November following, and $207.75 of the amount was used to satisfy the note which plaintiff had signed as surety on the 5th day of April, 1904, and the balance was credited on his personal note of $60, which was subsequently paid in full, and no question concerning it is involved in this action. It was shown that Christ O. Engevik, for whom plaintiff became surety, was an old customer of the defendant bank, who had apparently become insolvent, and the note in question was given by him to secure the extension of an existing indebtedness, the payment of which

was being insisted upon, and, according to the testimony of the cashier, plaintiff was taken as surety on the strength of his two Austin notes, with the understanding that they should be held as collateral to such contract or suretyship. Through this testimony of the cashier is controverted, it may be assumed as a fact that plaintiff agreed to the transaction; but the evidence seems sufficient to justify the jury in its conclusion that he protested at the time of paying his own note in November, 1904, against having the Engevik note paid with the money collected by the bank on the Austin notes, and it is undisputed that within two months after reaching his majority he authorized an attorney to disaffirm his contract, which was immediately done, with a demand for a surrender of the money, which was refused by the bank before the commencement of this action.

As a general proposition, one who executes a promissory note as surety does so without the anticipation of a reward, and such contracts, being self-evidently against the interests of an infant, have been held absolutely void at common law and under many statutes; but the following cases are to the effect that he may bind himself by distinct confirmation after reaching the age of majority: Harner v. Dipple, 31 Ohio St. 72; State v. Satterwhite, 20 S. C. 536; Hinely v. Margaritz, 3 Pa. 428; Owen v. Long, 112 Mass. 403; Fetrow v. Wiseman, 40 Ind. 148; Maples v. Wightman, 10 Am. Dec. 149. Whatever may be the law elsewhere, it is here settled by Sec. 17 of the Rev. Civ. Code that a minor over the age of 18 years may make a contract beneficial to himself, which is voidable only by disaffirmance either before his majority or within one year thereafter, upon restoring what he received or paying its equivalent, with interest; but it apparently follows that a contract of suretyship, from which he can derive no advantage, may be avoided by merely disaffirming the same as provided by statute. According to the competent and undisputed evidence admitted without objection, plaintiff's contract of suretyship was entered into on the 15th day of April, 1904, more than five months before he reached the age of 21 years, and while several instructions, equivalent to the direction of a verdict for defendant, were requested and properly refused, they were all upon the hypothesis that plaintiff was a minor. Con-

sequently, in the absence of any controverting circumstances, it was not reversible error for the trial court to instruct the jury that "the plaintiff, it seems, was at the time of the making of these two notes a minor, and became of age on the 1st day of September," and the charge as given covered every essential phase of the case and contains nothing of which the defendant can rightfully complain.

In a criminal case, the hearsay testimony of an infant that she was under the age of 16 years was adjudged competent in the case of Commonwealth v. Phillips, 162 Mass. 504, 39 N. E. 109, and in Houlton v. Manteuffel, 51 Minn. 185, 53 N. W. 541, it was held that, "The date of a person's birth may be testified to by himself or by members of his family, although they know the fact only by hearsay based on family tradition." Evidently the knowledge of plaintiff as to his age was hearsay in character, and had it been questioned in any manner, or the court requested to instruct the jury, in determining whether his testimony was worthy of belief, to take into consideration his interest in the action or physical appearance, a different question might have been presented for our determination. Ratification after becoming of age was the only defense sought to be established at the trial, and the evidence is amply sufficient to sustain the jury in its determination of that issue in plaintiff's favor.

Finding the facts and circumstances sufficient to sustain the verdict returned adversely to the defendant, and no prejudicial errors of law preserved in the record, the judgment appealed from is affirmed.