## THE PEOPLE *v.* DELGADO.

### APPEAL from the District Court of Ponce.

No. 487.—Decided December 3, 1912.

CRIMINAL LAW—INSUFFICIENCY OF EVIDENCE—ELEMENTS CONSTITUTING CRIME—
    AUTHORITY OF COURT—PEREMPTORY VERDICT OF ACQUITTAL.—When the evidence introduced by the *fiscal* is insufficient in that it does not show the existence of any of the elements constituting the crime, the trial court has authority to direct the jury to render a peremptory verdict of acquittal.

ID.—CONTRADICTORY EVIDENCE—PROVINCE OF JURY—PEREMPTORY VERDICT OF ACQUITTAL.—When the prosecution has introduced evidence proving all the es-

sential elements of the crime and the said evidence has been contradicted, this is not a case of insufficient evidence but of contradictory evidence, and as it is the province of the jury and not of the judge to decide the conflict, it is error for the court to order the jury to bring in a peremptory verdict of acquittal.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. José Tous Soto* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The *fiscal* of the District Court of Ponce filed an information against Eladio Delgado charging him with the commission of the crime of mayhem, as follows: That the said Eladio Delgado, on or about April 26, 1912, in the *barrio* "La Piedra" of the municipality of Barros, judicial district of Ponce, unlawfully and maliciously assaulted one Encarnación Oranges with a *machete,* inflicting several wounds on his hands and right forearm, as a result of which Oranges' right hand was rendered useless.

The defendant pleaded not guilty, and asked for a trial by jury. The trial was held on August 14, 1912, and an expert physician, the victim, and a female witness testified for the prosecution. The defendant, an expert physician, and three witnesses testified for the defense.

Both experts practically agreed as to the fact that Oranges' right hand was rendered useless as a consequence of one of the wounds he had received. With respect to the manner in which the deed was committed, the evidence is contradictory, for while that of the *fiscal* tends to show that Delgado assaulted Oranges without previous provocation or assault by the latter, and that he wounded Oranges with a *machete,* and continued to attack him even after he fell to the ground, that of the defense tends to show that Oranges first insulted and assaulted Delgado, and that the latter simply defended himself.

The case was submitted to the jury by the judge who properly stated in his charge that the evidence on the essen-

tial point above referred to was contradictory, and also suggested that they could return a verdict in favor of the defendant if they believed his witnesses, or against him if they gave credence to the witnesses for the prosecution.

The jury returned to the court room and reported that they had been unable to agree, whereupon the judge informed the jury that, upon the conclusion of the evidence, he had thought of peremptorily instructing them to return a verdict of acquittal, but that he did not wish to do so, and would ask the jury to reconsider the evidence and bring in a verdict. The jury once more retired to deliberate and returning again stated that they had been unable to agree. The judge then expressed himself as follows:

"This court has the power under the law to estimate the evidence and to determine whether or not it is sufficient to warrant a verdict of guilty, and in the exercise of that power the court directs the jury to bring a peremptory verdict of acquittal in this case. The secretary shall enter this verdict as if rendered by the jury in open court."

The verdict having been entered judgment was rendered acquitting the defendant, and from that judgment this appeal was taken by the *fiscal,* under the provisions of paragraph 2 of section 348 of the Code of Criminal Procedure.

The entire question involved in this case hinges on the construction that should be given to section 257 of the Code of Criminal Procedure, which, copied literally, says:

"Section 257. If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it shall peremptorily instruct the jury to acquit the defendant."

The trial judge is of the opinion that in all cases where the judge, upon an analysis of the evidence, believes that such acquittal is proper, said section empowers him to instruct the jury to peremptorily acquit the defendant.

In our judgment the opinion of the trial judge is not well founded, and to sustain it would involve a complete change

of the relations that have always existed since the creation of the jury, between the jury as judge of the facts and of the credibility of the witnesses, and the judge of the court, who presides over the trial as a judge of the questions of law.

The aforesaid section is more limited in its scope. Its application by the judge is confined to his sphere of action as a judge of the questions of law. We will give two illustrations to define our opinion: 1. In a case of murder, no direct testimony of the death of the person alleged to have been killed is offered. The judge should order a direct peremptory verdict of acquittal. Why? Because the evidence offered is *insufficient,* since the law (sec. 206 of the Penal Code) requires that the death of the person alleged to have been killed shall be established by direct evidence. 2. In a case of seduction no evidence is offered with regard to the promise of marriage. The judge should order a peremptory verdict of acquittal. Why? Because the evidence is not sufficient, since the promise of marriage, according to the law (sec. 261 of the Penal Code), is an essential element of the crime. In both cases the judge does nothing more than to apply the law, without invading the powers of the jury.

But when evidence to prove all the essential elements of the crime is introduced, and the only question is that such evidence has been contradicted, the case is not one of insufficient evidence, but of contradictory evidence, and the jury, not the judge, is the one called upon to decide the conflict. If in such a case as this the judge substitutes his judgment for that of the jury and orders the latter to peremptorily acquit the defendant, his action is clearly erroneous, and the judgment rendered upon a verdict so obtained is void and should be reversed.

Abundant and clear jurisprudence may be invoked in support of the doctrines laid down in this opinion, but we will limit ourselves to citing three cases, one from Massachusetts, one from New York, and another of the Supreme Court of the United States.

"Where competent evidence has been introduced in support of all the material allegations of an indictment, its weight and sufficiency are ordinarily for the jury in the first instance, and the court is warranted in refusing to direct a verdict for the defendant." (*Com.* v. *Hollis,* 170 Mass., 433.)

"In a case where competent evidence has been given tending to prove every element constituting the crime, and the force and effect which ought to be given to it depends upon the credibility of witnesses and upon inferences to be drawn as to which persons may differ, it is not the province of the court to take the case from the consideration of the jury, although it may be of the opinion that it is not sufficient to convict." (*People* v. *Bennett,* 49 N. Y., 138.)

"When proper and legal evidence has been given on the part of the government in a criminal trial, which, if believed, is sufficient in law to make out a crime and to sustain a conviction of the person on trial, a request to the court to direct the jury to acquit must be refused, and an exception to such refusal raises no question of law, even though the evidence on the part of the defendant is much stronger and more satisfactory than that for the government. The question under such circumstances is one for the jury and not for the court." (*France* v. *United States,* 164 U. S., 676.)

For the reasons stated, the appeal taken should be sustained, and the judgment appealed from, reversed.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.