[Crim. No. 625. Second Appellate District, Division One.—December 7, 1918.]

## THE PEOPLE, Respondent, v. JIM ELGAR, Appellant.

CRIMINAL LAW—RAPE—CONTINUANCE OF TRIAL AFTER COMMENCEMENT —LACK OF PREJUDICE.—In a prosecution for rape, it was not prejudicial error, after the commencement of the trial, to continue the case for three weeks in order that the deposition of the grand-mother of the prosecutrix might be obtained for the purpose of proving the latter's age, where it was not shown that the defendant was deprived of the presence of any witness, or that any condition supervened which operated to his prejudice.

ID.—AGE OF PROSECUTRIX—PROOF BY OWN TESTIMONY.—In a prosecution for rape the age of the prosecutrix may be proven by her own testimony.

ID.—FIXING OF PUNISHMENT BY JURY—INSTRUCTION.—The refusal to give an instruction embodying the provisions of section 264 of the Penal Code which gives the jury the right to fix the punishment of a person convicted of rape upon a child over the age of sixteen years and under the age of eighteen years, is not error, in the absence of evidence from which the jury could have found that the prosecutrix was between such ages.

ID.—APPEARANCE OF PROSECUTRIX — CONSIDERATION IN DETERMINING AGE—INSTRUCTION.—The refusal to instruct the jury that the appearance of the prosecutrix may be taken into consideration in determining her age cannot be made the basis of a claim of prejudice, where there is nothing in the record to enlighten the court concerning her appearance.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

S. M. Johnstone and A. P. Nilson for Appellant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was convicted of the crime of rape, the prosecutrix being a child of the alleged age of thirteen years. The appeal is taken from the judgment of imprison-

ment and also from the order denying a motion for a new trial.

Defendant was the stepfather of the girl. By the testimony of the latter it appeared that defendant had, in May, 1917, forcibly seized the prosecutrix and accomplished the act complained of, the time being about 7:30 o'clock in the evening, and the place a barn on the premises occupied by defendant, to which barn the prosecutrix had gone to give food to a cow kept there. A few days later, according to the statements of the same witness, the act was repeated in the house and repeated again at a later date. Defendant testified, denying the charge made by the child *in toto*, and offered evidence for the purpose of showing that at the time when it was claimed by the girl the act was committed he was at work more than a mile away, irrigating a field of beets. The prosecuting officer asked the prosecutrix, while on the witness-stand and at the opening of the trial, how old she was. An objection was interposed, the ground stated being ''the proper foundation has not been laid.'' At this point the prosecutor desisted from further attempt to make proof of the age of the girl by testimony from her own mouth, but called her mother to the witness-stand. It was shown that this witness was married to the defendant and she was not allowed to testify, upon appropriate objection being made. The district attorney then stated that he would be obliged to prove the age of the girl by the testimony of her grandmother, who was then ill and who resided some eighteen miles away. He presented an affidavit and the court continued the trial from that day, being the 13th of June, 1918, to July 5th. Upon reassembling on the date last mentioned, a deposition which had been taken was presented and the reading of it was objected to on the part of the defendant. Thereupon, after some discussion between court and counsel, the prosecuting officer stated that he might secure the attendance of the witness in person by using an ambulance or some such means of conveyance, and her attendance was secured the same day. This witness testified that she knew the date of birth of the prosecutrix and that the latter was born in Mexico on the last day of January, 1904. Cross-examined as to her recollection of other matters and things, many of them of intimate personal nature, the witness was unable to give definite answers. How-

ever, she did not vary from her first statement that the prosecutrix was born on the day which she had already mentioned.

The defendant had objected to any continuance being granted at the time the district attorney interrupted the trial with his request for time to take the deposition of the grandmother, and he now assigns the action of the court in making that order as prejudicial error. It was perhaps unusual, after the trial had commenced, to order a continuance for more than fifteen days for the reason appearing here, but the matter of ordering such continuance was within the discretion of the trial judge and upon this appeal the burden rests with the defendant to show that he was prejudiced by the action so taken. It nowhere appears in the record as to how or in what manner the action of the court did result to his detriment or tended to prevent his having a full and fair trial of the issues. It is not claimed that by reason of the continuance the defendant was deprived of the presence of any witness, or that any condition supervened which operated to his prejudice. The district attorney was acting upon a mistaken view of the law when he assumed that he would not be permitted to prove the age of the prosecutrix by her own testimony. It is well established in this state, as well as in other jurisdictions, and is a settled rule of evidence that a person may testify as to his or her age. (*People* v. *Ratz,* 115 Cal. 132, [46 Pac. 915] ; *Commonwealth* v. *Phillips,* 162 Mass. 504, [39 N. E. 109].)

Another complaint of the defendant is that the court refused to give an instruction embodying the provisions of section 264 of the Penal Code, which gives the jury the right to fix the punishment of a person convicted of rape upon a child under the age of eighteen years, when it appears that such child is over the age of sixteen years. The offered instruction was as follows: "You are instructed that the prosecution must prove the age of the prosecutrix to be under that of eighteen years by evidence satisfactory to your minds and beyond a reasonable doubt. If you believe that the prosecutrix is under the age of eighteen years after considering all of the testimony introduced in the case on that question, including the appearance of the prosecutrix herself, her development, her intelligence and her general appearance and from the same evidence you believe her to be over the age of sixteen years, if you find the defendant guilty, then it is your province to advise the court in your verdict, as to the place where the

defendant must be confined during the term of his imprisonment, and if you find the prosecutrix to be over the age of sixteen years then in your verdict you shall state whether the punishment shall be by imprisonment in the county jail or the state prison.'' Before discussing the argument presented to this point it may be further stated that the defendant offered no testimony in contradiction of that given by the grandmother of the girl as to the age of the latter, and nothing appears in the entire record from which we can gain any idea as to the weight or physical development of the child—in short, nothing which would suggest that in appearance she seemed to be of any greater age than that represented by the grandmother. Under such a state of the record it is correct, we think, to say that there was no conflict of testimony as to the child's age. Hence, it appears that there was no proof upon which the jury could properly have found that the child was between the ages of sixteen and eighteen years. It was, therefore, not incumbent upon the court to call to the minds of the jurors the provisions of section 264 of the Penal Code. But, insists the appellant, the jury should have been advised that it had the right to take into consideration the appearance of the child, and that such view would furnish proper evidence upon which to warrant the jury in concluding that the age of the prosecutrix was greater than that stated by the grandmother. That it may be proper for the jury to take into consideration the appearance of a child in connection with testimony to determine her age, has been held in *People v. Elco*, 131 Mich. 519, [91 N. W. 755, 94 N. W. 1069] ; *Commonwealth* v. *Hollis*, 170 Mass. 433, [49 N. E. 632] ; *Commonwealth* v. *Phillips*, 162 Mass. 504, [39 N. E. 109] , and other cases. There is some contrary authority, although the question seems not to have been directly ruled upon in this state. The text-writers on Evidence, Greenleaf and Wigmore, both admit the rule to be in general as appellant contends for. Conceding that an instruction advising the jury of its right to take into consideration the appearance of a child in determining its age, correctly states the law, before this appellant can claim that he has been prejudiced by the refusal to give such an instruction we must be able to see that, to some extent at least, the physical appearance of the child would tend to contradict the positive evidence shown in this record as to her age. We have before stated that there is nothing in the

39 Cal. App.—6

entire record which in any way tends to enlighten us as to how this girl appeared, whether she appeared well developed or immaturely developed; whether she was large or small, or any evidence tending to show when she had first approached the state of womanhood. Defendant at one point in his testimony referred to her as this "little girl," which, if we deem the statement descriptive of her appearance, indicates nothing inconsistent with the testimony of the grandmother.

The court struck out the testimony given by one of the workmen who was employed in irrigating the same field as was the defendant. This witness stated that he was on the day shift and defendant on the night shift; that he met the defendant at the field on the evening of the day in question, but that he (the witness) left the place at 6 or 6:30 o'clock, as his day's work was done. There was no error in striking out this testimony. The hour given by the prosecutrix as that when the rape was committed was 7:30 o'clock; the field in question was located a mile or a mile and a half away from the barn where the rape was alleged to have taken place. There was no contention nor showing that the defendant could not easily have returned to his home and to the barn after this witness left the field. The only value the testimony could have, then, was to show that the defendant was at the field on the night in question between 6 and 6:30 o'clock, and as to that the prosecution made no contrary claim. The prosecutrix herself had stated that her stepfather on the night in question was engaged in irrigating.

No error is presented by appellant showing that he has been prejudiced in his right to a fair trial.

The judgment and order are affirmed.

Conrey, P. J., and Myers, J., *pro tem.*, concurred.