SMITH, Superintendent of Banks, Respondent, v. MONSERUD, Appellant.

(235 N. W. 693.)

(File No. 6783. Opinion filed April 6, 1931.)

*Jones, Matthews & Fitzpatrick* and *Enos G. Jones,* all of Sioux Falls, for Appellant.

*Krause & Krause,* of Dell Rapids, for Respondent.

CAMPBELL, J.   The Granite City State Bank of Dell Rapids, S. D., held certain promissory notes of one John C. Taylor secured by second mortgage upon real estate.   The bank instituted action against John C. Taylor for judgment upon said notes and the foreclosure of the mortgage, which resulted in a judgment in favor of the bank and against John C. Taylor for the sum of $8,329.88, together with a decree for the foreclosure of the second mortgage.

John C. Taylor, being desirous of appealing from this judgment, applied to the court for a stay of execution pending the appeal, and the court granted said stay upon the condition that the said John C. Taylor should give bond in the sum of $3,000 to save the bank from any costs or damages which it might suffer by reason of the stay, etc.   The order likewise provided that said bond should "also undertake to pay the plaintiff (bank) any deficiency that may arise upon the sale of said mortgaged premises under special execution."

Pursuant to that order, John C. Taylor furnished and filed an undertaking purporting to be executed by himself, as principal, and by I. C. Taylor and N. Taylor, as sureties, in the penal sum of $3,000, conditioned, inter alia, for the payment of any deficiency which might arise upon the sale of said mortgaged realty by virtue of decree of foreclosure of said second mortgage.

Having secured this stay of proceedings and filed this undertaking, John C. Taylor failed to take or attempt to take any appeal from the judgment against him, and the same in due course became final and unappealable.

Meantime, Granite City State Bank had become insolvent and its affairs had been taken over by the superintendent of banks for liquidation.   The judgment against John C. Taylor having become

final, the superintendent of banks caused special execution to issue thereon and caused the real property to be sold in foreclosure of the second mortgage. After applying the proceeds of such foreclosure sale, there remained unpaid upon the judgment in favor of the bank and against John C. Taylor a deficiency in the amount of $5,000.

Meantime, also, I. C. Taylor, one of the sureties on John C. Taylor's bond above mentioned, had died. John C. Taylor and Nellie Taylor had been appointed administrators of the I. C. Taylor estate, and subsequently N. O. Monserud (appellant herein) had become administrator of the I. C. Taylor estate, succeeding John C. Taylor and Nellie Taylor in that capacity. After the death of I. C. Taylor and before the amount of liability upon the bond had been definitely fixed by sale of the realty and determination of the amount of deficiency, the superintendent of banks, to protect the claim of the bank by virtue of said bond against I. C. Taylor and his estate, duly filed with the administrators of the I. C. Taylor estate a claim predicated upon the contingent liability of said estate upon said bond, which claim was by the administrators rejected and disallowed.

Thereafter the superintendent of banks instituted this action to recover the full penalty of the bond in question for application upon the deficiency judgment against John C. Taylor as aforesaid.

There were made defendants in the action John C. Taylor individually, and "Nellie Taylor, who is also known as N. Taylor," individually, and, there being some question as to just who, as a matter of fact, at that particular time represented the I. C. Taylor estate, there were also made defendants John C. Taylor and Nellie Taylor, as administrators of the estate of Isaac Taylor, and N. O. Monserud, as administrator of the estate of Isaac Taylor.

John C. Taylor and Nellie Taylor proceeded against as adminitrators of the estate of I. C. Taylor answered, disclaiming any interest in the matter in that capacity, and alleging that they were no longer qualified or acting as administrators of said estate. This was true, and judgment of dismissal was entered as to them, leaving as parties to the action John C. Taylor, individually, "Nellie Taylor, who is also known as N. Taylor," individually, and Monserud, as administrator of the estate of I. C. Taylor.

Defendant John C. Taylor individually interposed a general denial. Defendant Nellie Taylor individually interposed a general denial, and also specifically denied all knowledge of the bond sued upon; denied that she ever signed or executed the same; and denied that she was one and the same person as the N. Taylor named in the bond. Defendant Monserud, as administrator, interposed an answer making some few admissions and numerous denials, and as an affirmative defense alleged that at the date of the execution of the bond his intestate, I. C. Taylor was of unsound mind and mentally incapable of transacting business, and that by reason thereof said bond was not his contract.

Just prior to the trial in the court below defendant Monserud, as administrator, made application to the trial court upon order to show cause for leave to amend his answer by inserting therein a second affirmative defense in the following language: "That the bond, instrument or writing sued on by the plaintiff purports to be an undertaking of two persons as co-sureties, Isaac C. Taylor, deceased, and N. Taylor, the latter of whom is one Natalie Nancy Taylor, that the signatures 'N. Taylor' on the instrument in issue are the signatures of the said Natalie Nancy Taylor, who is, if any liability exists, jointly liable with defendant, N. O. Monserud as administrator, and that said Natalie Nancy Taylor is a necessary party to the proper determination of said action, and has not been made a party defendant hereto, and there is therefore a defect of parties defendant herein." The application for such leave to amend made no showing that such information was newly acquired. The question of leave to amend came on before the court at the time the trial started. Plaintiff orally objected to the allowance of the amendment and objected orally to the sufficiency of the amendment as a plea in abatement, but an order was entered by the court allowing the amendment, with an exception to the plaintiff, and the trial proceeded to the court without a jury. No evidence whatever was introduced by defendant in support of the affirmative defense of mental incapacity of I. C. Taylor.

The evidence introduced showed that I. C. Taylor at the time of the execution of the bond in question resided at Egan, S. D., where he conducted an automobile business and garage. He was a man of considerable property, the application for letters of administration upon his estate about one year after the signing of the

bond in question setting forth the value of the estate at approximately $300,000. I. C. Taylor was a brother of John C. Taylor, who was the bank's judgment debtor and the principal upon the bond. At the time the bond was signed there were living with I. C. Taylor at his home in Egan two daughters, one Nellie Taylor, about twenty-two years of age, who assisted her father in the conduct of his business; and one Natalie Nancy Taylor, a child twelve years of age attending school. After the death of her father, I. C. Taylor, and prior to the institution of the present action, Natalie Nancy Taylor removed to the state of California, where she now resides. A few days prior to the signing of the bond, I. C. Taylor had executed and caused to be placed of record a deed to a quarter section of land in Moody county, S. D., in which deed Natalie Nancy Taylor was named as grantee under the name of N. N. Taylor. Nellie Taylor was not the record owner of any real estate at the time of the execution of the bond. Natalie Nancy Taylor at the time of the institution of the present action had property in South Dakota consisting of her undivided interest as an heir in the estate of her father, I. C. Taylor, deceased, and the record title to the quarter section of realty transferred to her as aforesaid.

The principal fact issue at the trial was the question of who was the "N. Taylor" who signed the bond sued upon. Plaintiff maintained that it was Nellie Taylor who was made a party defendant in the action. Defendant, on the other hand, contended that the signature "N. Taylor" was in fact the signature of N. N. Taylor, or Natalie Nancy Taylor, the twelve year old girl residing in California, and by its amended answer undertook to plead in abatement the nonjoinder of Natalie Nancy Taylor as a party defendant.

On this fact question the court found as follows:

"That one, Isaac C. Taylor, also known as I. C. Taylor, then residing in the city of Egan, in said Moody County, South Dakota, being a brother of said defendant, John C. Taylor, thereupon took it upon himself to secure and furnish such undertaking for the said John C. Taylor as required under and by the Court's said order to effectuate such stay of the sale of the said real property under the said execution. That at said time the said Isaac C. Taylor,had two of his daughters living with him in said city of

Egan, one being named 'Nellie' Taylor who was, by reason of being of full legal age, competent to contract as surety upon such undertaking; the other daughter being named 'Natalie N.' Taylor who was then only twelve years of age; and that said 'Nellie' was personally known to the Clerk of said Court and also to the officers of the plaintiff, but that neither said Clerk nor plaintiff knew the said 'Natalie N.,' nor of her existence * * * said I. C. Taylor, did purposely and designedly choose, direct and procure his said twelve-year-old daughter to join him therein as his co-surety by causing her to sign and acknowledge the same as and under the name of 'N.' Taylor, and she did so sign and acknowledge the execution thereof under her said father's directions. * * *

"That the said undertaking was not signed nor acknowledged by the said 'Nellie' Taylor who is by the plaintiff impleaded as defendant herein; but that the same was signed and acknowledged by said twelve-year-old child, 'Natalie N.' Taylor at and under the directions of her said father, I. C. Taylor, as hereinbefore found. But that neither the Clerk of said Court nor the plaintiff, nor its attorneys, had notice or knowledge thereof, they not being acquainted with nor knowing of the said 'Natalie N.' Taylor, but being acquainted with and knowing the said 'Nellie' Taylor, believed said signature 'N. Taylor' and acknowledgment as 'N. Taylor' to be the signature and acknowledgment of the said Nellie Taylor. * * * That at the time of the commencement of this action, and thereafter up to the time of the trial thereof, the said Natalie N. Taylor was not present in, nor a resident of, the State of South Dakota, but was at all said times beyond the jurisdiction of this Court, she being and residing in the State of California.

"That by his acts and conduct as found in * * * these Findings, the said I. C. Taylor estopped himself and his legal representative from denying the sufficiency, validity and binding effect upon himself as surety, as also as against his estate, of liability to the plaintiff for the obligee in the said undertaking, to the full extent of the sum of $3,000.00 therein specified." .

Findings, conclusions, and judgment were in favor of plaintiff and against the defendant Monserud, as administrator of the estate of I. C. Taylor, deceased, and, from the judgment and from an order denying his motion for a new trial, defendant Monserud,

as administrator, has appealed. The position of appellant is succinctly stated in his brief as follows:

"This appeal raises just the one question, is there a defect of parties defendant? In showing that there is such a defect appellant will urge the following propositions:

"1. Any obligation which may exist on the bond is joint.

"2. Failure to join one joint obligor is fatal to recovery against other joint obligors.

"3. Minority of a joint obligor does not excuse non-joinder.

"4. Residence of joint obligor outside the State does not excuse non-joinder when he has property within the State.

"5. Finding of estoppel of appellant to set up any defense to undertaking is against the evidence and contrary to the record."

It appears to be conceded by all parties that the bond sued upon imposed a joint liability upon the signers thereof. Section 725, R. C. 1919; Palmer v. Baker, 45 S D. 196, 186 N. W. 951.

Respondent maintains, however, that the finding of fact of the trial court, whereby it found that appellant was in substance estopped to set up the nonjoinder of Natalie Nancy Taylor as a defense to an action on the bond, is justified by the evidence. Respondent further maintains that a joint obligor upon an instrument need not be made a party defendant in a suit thereon when such joint obligor is an infant or is beyond the jurisdiction of the court. Respondent likewise contends that in the instant case any defect of parties defendant (which, under section 2348 and section 2351, R. C. 1919, must be availed of by answer where it does not appear from the face of the complaint) was waived in this case by the appellant by answering and joining issue upon the merits long prior to interposing the plea in abatement, which did not appear in the case until the allowance of appellant's amended answer which took place at the beginning of the trial and over the objection of respondent. On this point respondent cites Drake et al. v. Ry. Co., 24 S. D. 19, 123 N. W. 82, 84, wherein this court said in part: "It was a well established rule under the common-law pleading that a plea in bar was a waiver of any right to plead in abatement, and while under the Code practice in most states, where a defendant is allowed to include in his answer all defenses he may have, it is held that the defendant may join a plea in abatement with a plea in bar, yet it is universally holden that, where there is a

plea in bar without a plea in abatement, there is by such pleading a waiver of any right to afterwards interpose a plea in abatement; some courts going so far as to hold that under no circumstances could the trial court afterwards allow a plea in abatement, while other courts hold that it is within the discretion of the trial court to relieve the defendant from its waiver upon good cause for such relief being shown."

The briefs of counsel display both industry and ability in the presentation of their respective contentions as above outlined. However, we do not believe in this case that it is necessary to endeavor specifically to determine those various contentions, or to enter into a lengthy or technical discussion of the matter of joinder of parties, or to attempt to establish rules of general application with reference thereto. Neither need we undertake to determine the sufficiency of the evidence to support the findings of the trial court to which appellant chiefly objects.

The testimony of Natalie Nancy Taylor was taken by deposition. She indentified the signature "N. Taylor" on the bond sued upon as hers. She disclaimed any recollection of the bond and testified that her father occasionally asked her to sign papers for him, which she did when requested; that she hardly ever read the papers, and that they all looked alike to her. The record plainly indicates that the child Natalie Nancy Taylor received no benefit from or consideration for her signature upon the bond in question, and that she was only twelve years of age at the time she signed it.

Sections 81, 82, and 83, R. C. 1919, read as follows:

"A minor cannot give a delegation of power, nor, under the age of eighteen, make a contract relating to real property, or any interest therein, or relating to any personal property not in his immediate possession or control."

"A minor may make any other contract than as above specified in the same manner as an adult, subject only to his power of disaffirmance, under the provisions of this title, and subject to the provisions of the chapter on marriage."

"In all cases other than those specified in the two following sections, the contract of a minor, if made while he is under the age of eighteen, may be disaffirmed by the minor hmiself, either before his majority or within one year's time afterwards; or in case of his death within that period, by his heirs or personal rep-

resentatives; and, if the contract be made by the minor while he is over the age of eighteen, it may be disaffirmed in like manner upon restoring the consideration to the party from whom it was received or paying its equivalent with interest."

Appellant maintains that the obligation of Natalie Nancy Taylor on the bond in question is voidable only as distinguished from void, and cites Helland v. Colton State Bank, 20 S. D. 325, 106 N. W. 60. Regardless of any distinction between voidable and void, however, it is manifest under our statutes that any obligation of Natalie Nancy Taylor, by reason of having signed the bond in question, is not binding upon her in any such sense as the contract of an adult is binding. Under the stautes above quoted she may disaffirm the bond contract at any time either before her majority or within one year's time thereafter. She has no consideration to return, nor would she need to return it, had she received any, being under the age of eighteen years. To utterly and completely end any possible liability upon her part she has only to say that she does not care to be bound. She may make that statement and it is a complete answer to any claim against her made by respondent herein upon the bond or made by appellant herein for contribution as a cosurety.

"In the case at bar while the contract of the plaintiff was not void, nevertheless he did not on account of infancy have the power at the time of its execution to enter into an absolutely binding contract. The contract at that time was potentially void; the law of the place of its execution having placed it within the power of one of the parties thereto to annul it by the mere announcement of his will and pleasure. When that announcement was made the contract was in no better condition than if it had been void ab initio." Flittner v. Equitable, etc., Society, 30 Cal. App. 209, 157 P. 630, 633.

All the exceptions taken by appellant in this case go, in substance, to the proposition that Natalie Nancy Taylor was not joined as a party defendant. Section 2544, R. C. 1919, frequently heretofore construed by this court, provides that no exception shall be regarded upon appeal "unless it clearly appears that the error complained of relates to a material point and that the effect thereof was prejudicial to the party excepting."

We are content to rest our decision in this case upon the prop-

osition that appellant, under the facts and circumstances here presented, was not prejudiced by failure to join as a codefendant the child Natalie Nancy Taylor, whose joint obligation, even if voidable rather than void, was not in any proper sense binding upon her at the suit of either appellant or respondent in this case, and who was of such tender years that, had she been joined as a party defendant in the instant action, it would undoubtedly have been the duty of the court to have caused her interests to have been represented by a guardian ad litem and to have caused said guardian ad litem in protection of her interests to see to it that she was not mulcted in property by reason of having entered into the obligation, and to see to it that said obligation, at least prior to her majority, did not become final or executed beyond the reach of her statutory right of disaffirmance.

The judgment and order appealed from are affirmed.

POLLEY, P. J., and ROBERTS, J., concur.

WARREN, J., disqualified and not sitting.

RUDOLPH, J., not sitting.