EMIL ROSENBERGER, Respondent, v. WABASH
RAILROAD COMPANY, AND RICHARD W.
TAYLOR, Appellants.

**St. Louis Court of Appeals, November 11, 1902.**

1. **Unlawful Detainer:** POSSESSION: ACTION. In an action of
unlawful detainer, the title to the premises is not in issue, and
plaintiff may maintain the action on proof of his actual peaceful
possession, that defendant unlawfully invaded that possession, and
detained the property after written demand therefor.

2. **Rule:** CONSTRUCTION OF DESCRIPTION OF PROPERTY. It
is a general rule for the construction of descriptions of property
that words of particular specification prevail over more general lan-
guage; but that rule is not of universal application, and it gives
way to a clear expression of a different intent in the language to be
interpreted.

3. **Maxim:** DESCRIPTION OF LAND. The maxim *falsa demon-
stratio non nocet, cum de corpore constat,* is applied to the descrip-
tion of land in a complaint for unlawful detainer, and it is held
that an error in describing the quarter section of its location is im-
material, where the land in question is otherwise distinctly indi-
cated.

Appeal from Montgomery Circuit Court.—*Hon. Elliott
M. Hughes,* Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

(1) The defendant, as the successor in title to
the North Missouri Railroad Company, was, when this
suit was brought, lawfully in possession of the entire
strip of land conveyed to it by Diggs in 1856. R. S.
1899, sec. 3321; R. S. 1899, sec. 3349; Hargis v. Rail-
way, 100 Mo. 210. (2) The statute of limitations can
not be here invoked as a bar to the defendant's pos-
session, because the land was conveyed to it for a pub-

lic use. R. S. 1899, sec. 4270; State v. Warner, 51 Mo. App. 174; Williams v. St. Louis, 120 Mo. 403; Brown v. Carthage, 128 Mo. 10; Railway v. Totman, 149 Mo. 657.

*J. D. Barnett* and *E. Rosenberger & Son* for respondent.

(1) There is not a scintilla of evidence in the record that the defendant railroad company is the successor in title to the North Missouri Railroad Company. This suggestion of succession in title is entirely foreign to the issue in this cause, because the merits of the title can not be inquired into. R. S. 1899, sec. 3343; Krank v. Nichols, 6 Mo. App. 72; Craig v. Donnelly, 28 Mo. App. 342; Sitton v. Sapp, 62 Mo. 197. (2) In an action of forcible entry and detainer, the question is not, who is entitled to the possession of the premises; the object of the action is to restore things to the state in which they were before the forcible entry was made. The gist of the action is the forcible entry, and the object is restitution to the one dispossessed. Even the real owner may be guilty of a forcible entry and unlawful detainer. Hageman v. Moreland, 33 Mo. 86; Kings Amn'r v. Gas Light Co. 34 Mo. 34; Dilworth v. Fee, 52 Mo. 130. (3) The only question involved in this action is, whether the plaintiff was in the possession of this strip in controversy and whether defendant intruded on this possession. Authorities cited, supra.

BARCLAY, J.—This is a statutory action of unlawful detainer begun by plaintiff before a justice of the peace in Montgomery county, Missouri, to recover possession of a strip of land near the main line of the defendant's railway track in that county. The piece of land whose possession is in controversy is within the limits of a strip 150 feet wide, duly conveyed to the North Missouri Railroad Company for railroad purposes by John F. Diggs and wife, in 1856. The

railroad now operated by defendant was constructed shortly afterwards across the aforesaid strip, and a fence was erected which ran parallel with the track and fifty-eight feet from the center thereof, along the land to which this action refers. Plaintiff's testimony tended to show his possession of the land to the fence, at the time when he charges the unlawful entry occurred. Plaintiff had the land in cultivation in conjunction with adjacent land occupied by him. In 1900 the defendant moved the fence southward about twenty-six feet to what defendant claimed to be the true line of its ownership, under the Diggs deed. That move was unaccompanied by any other ceremony, and it forms the gist of plaintiff's present complaint.

After giving notice to defendant demanding possession of the land in question, plaintiff brought this action, June 30, 1900. There was a judgment before the justice for possession and one dollar damages. Defendant appealed and a new trial was had before Judge Hughes, a jury having been waived, in the circuit court of the same county. Again a finding and judgment for plaintiff for possession resulted. The rents and profits were adjudged to be one cent. Defendant appealed after the ordinary preliminaries.

1. Defendant complains because the trial court allowed plaintiff, at the hearing in the circuit court, to amend his complaint by changing the word "north" to "south" in describing the quarter section where the land is situated. The entire description as originally recited in the complaint is as follows:

"Part of the E. ½ of N. W. ¼ S. 32, T. 47, R. 4, bounded as follows: Commencing at the west side of the public road and at the place where the defendant, the Wabash Railroad Company, tore away the fence in 1898, running west along the old fence site to the corner of the tract of land sold by John F. Diggs to the North Missouri Railroad Company, thence south fifty feet more or less to the fence erected by Wabash Railroad Company in 1899, thence east along said fence to

the east end of said fence, thence north fifty feet more or less to the place of beginning.''

The amendment was made in the first line by inserting an ''S'' instead of the ''N'' which there appeared. No other change was made. It will be seen by examining the entire description that the precise tract of land to which plaintiff seeks to assert his right of possession by this summary action is marked by accurate metes and bounds, while the error of locating that tract in a wrong quarter section is so obvious as scarcely to require amendment.

It is a general rule for the construction of papers, exhibiting descriptions of property, that words of particular specification prevail over more general language. Grandy v. Casey, 93 Mo. 595; 4 Am. and Eng. Ency. Law (2 Ed.), 799. But that rule is not of invariable application, for the chief purpose of construction is to develop the true intent of the language, and that intent should always be given paramount force when it has been discovered. Rutherford v. Tracey, 48 Mo. 325; Cooley v. Warren, 53 Mo. 166.

In reaching the true intent of a written description of property, one venerable maxim should not be overlooked, namely, that a false description is harmless where the real thing is evident. That maxim was utilized even by the ancients. Sandars, Justinian, Insts., lib. 2, 20, 30. It has been often sanctioned and applied in English decisions and in those of our own State. Broom, Maxims (7 Am. Ed.), 629; Adler v. Railway, 92 Mo. 249; West v. Bretelle, 115 Mo. 653; Mitchner v. Holmes, 117 Mo. 208.

In Evans v. Greene, 21 Mo. 170, it was held that where the word ''west'' had been erroneously used instead of the word ''east,'' as part of a description in a deed, but the other items of identification clearly disclosed the intent of the language, the false element of the description would be disregarded; and in Fenwick v. Gill, 38 Mo. 510, the court rejected an error in the descriptive number of a township where the land was otherwise described with certainty.

Guided by the principles of construction expressed in the foregoing decisions, we hold that there was no error in the ruling of the trial court permitting the amendment of the complaint in the present case, inasmuch as the land whose possession was in dispute was sufficiently identified by the other language in the plaintiff's pleading.

2. The undisputed facts of the case are that plaintiff had been for some years in possession of the land in question, and had it under cultivation as part of his farm, up to the line of the fence which separated the farm from the strip of land appurtenant to the defendant's railway track. While plaintiff thus had possession (as found by the trial court) defendant entered and removed its fence southward, so as to take possession of that part of the field which forms the subject of this action. That entry was effected without the consent of plaintiff, and the retention of possession so obtained constituted an unlawful detainer within the meaning of section 3321 (R. S. 1899) after proper demand. The defendant claims that it owns the property in question by virtue of the original conveyance of the right of way by Mr. Diggs and wife. But that issue does not concern us at present. However valid defendant's claim of title may be to the property, it is not permissible to assert it in the manner shown to have been adopted in the case at bar. One of the express mandates of our written law is as follows:

"No person shall enter upon or into any lands, tenements or other possessions, and detain and hold the same, but when entry is given by law, and then only in a peaceable manner." R. S. 1899, sec. 3319.

If plaintiff's possession as against defendant was unlawful because without right, defendant had ample legal remedy to assert its paramount title; but not by invading the peaceful possession of plaintiff exhibited by this record. The statutory action now before us is not designed to try title to land but merely to maintain the sanctity of a peaceful possession against all in-

truders thereon.   Dennison v. Smith, 26 Mo. 487; Bee-
ler v. Cardwell, 33 Mo. 84.

There was evidence to support the finding of the
learned trial judge in regard to plaintiff's possession
and defendant's unlawful invasion thereof and deten-
tion of the premises from the plaintiff.

3.   Defendant contends that possession of the en-
tire strip conveyed by Mr. Diggs and his wife to the
North Missouri Railroad Company in 1856 belongs to
its ownership of the railway which defendant operated
as successor to that company, on part of that strip at
the time of the alleged unlawful detainer.   But what-
ever its right to possession may be in that regard, the
plaintiff had meanwhile come peaceably into actual
possession of the piece of land now in controversy,
and defendant could not disturb that actual possession
as it did.   The case of Hargis v. Railway, 100 Mo.
210, does not support defendant's contention on this
branch of the case.   That was an action of ejectment.
The right of possession was involved; but the decision
does not bear on any such issue of an unlawful invasion
of possession as is presented by the facts of the case
at bar.

4.   Whether or not plaintiff has acquired title as
against defendant by adverse possession of the de-
scribed land is not a material inquiry in this action.
He had actual, peaceful possession as the trial court
found, and that was enough for his purposes as plain-
tiff in the case.

5.   Assuming that written demand of possession
was necessary, under section 3321 (R. S. 1899) the de-
mand shown in the evidence was sufficient.   No sug-
gestion of its insufficiency is made except that implied
by the want of conformity of its terms to the original
description in the complaint before the amendment
thereof.   But we have held that the description was
good without the amendment for the reasons already
given in this opinion.   No amendment of the notice
was necessary to make it sufficient in that particular.
It was not challenged in any other respect at the trial.

The defendant at the close of the evidence offered a peremptory instruction to find in its favor. The court refused it, and found for the plaintiff. There was testimony to sustain that finding on applying the principles of law we have discussed. We find none of the assignments of error well taken.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.