STATE OF MISSOURI, Respondent, v. VAUGHN,
Appellant.

St. Louis Court of Appeals, June 23, 1908.

1. **INDICTMENTS: Presumptions: Grand Jury.** Where the record of the circuit court ordering the summoning and empaneling of a grand jury failed to give the names of the grand jurors or to show their number, this would not be sufficient ground for quashing an indictment returned by the grand jury; the presumption would be indulged that the action of the court was regular and that it summoned a proper grand jury with a requisite number of men.

2. ——: ——: **Foreman of Grand Jury.** Where the record of the circuit court did not show the appointment of a foreman and a person not shown to be appointed signed an indictment as foreman, the presumption will be indulged in favor of regularity, that he had been duly appointed by the court. ✦

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Ragland & McAllister* for appellant.

(1)   To constitute a circuit court for Monroe county it is necessary that it be regularly convened in an authorized place, at an appointed time and by some person authorized by law to administer justice at that place. "It must appear upon the face of the record, while the cause is in the court where the indictment was found, and from the transcript of the record, after its removal into this court upon appeal or writ of error, not only that the indictment is sufficient in form and substance, but also that it was properly preferred by a lawful grand jury to a court having jurisdiction over the matter; and if all this does not appear, it is error of which the defendant may take advantage." State v. Freeman, 21 Mo. 483; Whart., Crim. Law (3

Ed.), pp. 150, 154. "It is essential that the names of the grand jurors shall appear in at least some part of the record." Parks v. State, 4 Ohio St. 234; Mahan v. State, 10 Ohio 232. (2) In this State a grand jury consists of twelve men—neither more nor less. Const. Mo., art. II, sec. 28; R. S. 1899, secs. 2486, 3770a. (3) Under our law it is essential that a "lawful grand jury" have a foreman appointed by the court. R. S. 1899, sec. 2486. The foreman is the only member of the grand jury authorized to administer oaths to witnesses. R. S. 1899, sec. 2490. It is his duty and he alone is authorized to endorse and certify "a true bill" on indictments found by the grand jury. R. S. 1899, sec. 2510. He and he alone is authorized to present indictments found to the court. R. S. 1899, sec. 2512; State v. Freeman, 21 Mo. 483; Cody v. State, 3 How. (Miss.) 27.

*James P. Boyd,* Prosecuting Attorney of Monroe county, for respondent.

The foreman of a grand jury is required to certify under his hand and every presumption is indulged in favor of its proceeding right and not wrong. State v. Baty, 166 Mo. 564. Respondent contends that under the rule of presumption as to the regularity of the proceedings in a court of general jurisdiction as stated in State v. Orrick, 106 Mo. 118. Can it be said that the failure to enter upon the minutes of the record the appointment of a foreman of a grand jury shall cause the array to fall? Such an assault is in effect a challenge to the array. State v. Cornell, 49 Mo. 286.

BLAND, P. J.—The appeal is from a conviction for a violation of the dramshop act, on an indictment preferred by a grand jury. Appellant filed a motion to quash the indictment for the following reasons:

"That it does not appear upon the face of the record:

State v. Vaughn.

"First. That said indictment was properly preferred by a lawful grand jury.

"Second. What person or persons composed the alleged grand jury mentioned in the indictment.

"Third. That there were a lawful number of persons summoned to constitute such grand jury or that the same was either lawfully organized, empaneled or sworn.

"Fourth. That a lawful grand jury or any grand jury was returned to the term of court at which said indictment purports to have been returned.

"Fifth. That said indictment was returned against this defendant to this court and filed.

"Sixth. That said indictment was presented to the court by the foreman of said alleged grand jury as required by law.

"Seventh. That this court ever appointed a foreman of said alleged grand jury, or that any person was properly and lawfully appointed foreman of said grand jury, or that there was a foreman of said grand jury."

The motion strikes at the record relating to the empaneling and organization of the grand jury. In support of the motion, appellant offered the following:

"Circuit Court Record No. 25, page 432. 'Now on this 20th day of November, 1905, an order for a grand jury for the December Term, 1905, is received from the Judge of this Court and filed herein as follows, to-wit:

"*State of Missouri, County of Monroe, ss.*:

"I, David H. Eby, Judge of the Tenth Judicial Circuit of Missouri, deeming it necessary that a grand jury be convened at the December term, 1905, of the circuit court of said county, do hereby order that a grand jury be convened at the courthouse in the town of Paris, in the county aforesaid, on the first day of

said term, and that the sheriff of said county select said jury.

"Witness my hand and official signature this 18th day of November, 1905.

"DAVID H. EBY,
"Judge of the Tenth Judicial Circuit
of Missouri."

"Circuit Court Record No. 25, page 432. 'Now on this 20th day of November, 1905, comes J. K. P. Masterson, sheriff, and files return of summons for a grand jury for December Term, 1905.'

"Circuit Court Record No. 25, page 442, December 11th, 1905. 'Now comes W. R. Baskett and William Donaldson, grand jurors summoned herein and are by the court excused.'

"Circuit Court Record No. 25, page 447, December 11th, 1905. 'It is ordered by the court that the sheriff summon two grand jurors to fill the vacancies of W. R. Baskett and William Donaldson, to be and appear in this court, Tuesday, December 12th, 1905, at 9 o'clock A. M.'

"Circuit Court Record No. 25, page 450, December 12th, 1905. 'Now comes the Sheriff, F. M. Nolen, and makes return of the two grand jurors, heretofore ordered by the court to fill vacancies as follows: G. D. Moore and A. J. Batsell.'

"Circuit Court Record No. 25, page 453, December 12th, 1905. 'Now on this day, December 12th, 1905, the grand jurors heretofore summoned to be and appear at this term of court receive the charge of the court and are duly sworn by the clerk to the faithful performance of their duties according to law.'

"Circuit Court Record No. 25, page 531, December 28th, 1905. 'Now on this 28th day of December, 1905, comes the grand jury into open court and return the following indictments: . . . .

"No. 68.   State of Missouri, Plff., vs. O. P. Vaughn, Deft.

"Capias ordered and issued.   Indictment for illegal sale of intoxicating liquor.   Endorsed a true bill.

"J. J. BROWN, Foreman."

Over the objections of appellant the State offered the following:

"*State of Missouri, County of Monroe, ss.*:

"Be it remembered that among the records of the circuit court within and for the county and State aforesaid the following is found of record, to-wit:

"*State of Missouri, County of Monroe, ss.*:

"I, David H. Eby, Judge of the Tenth Judicial Circuit of Missouri, deeming it necessary that a grand jury be convened at the December term, 1905, of the circuit court of said county, do hereby order that a grand jury be convened at the courthouse in the town of Paris, in the county aforesaid on the first day of said term and that the sheriff of said county select said jury.

"*State of Missouri, County of Monroe, ss.*:

"I, James H. Hill, clerk of the circuit court within and for the county and State aforesaid, hereby certify that the above and foregoing is a full, true and complete copy of the order made by David H. Eby, Judge of the Tenth Judicial Circuit of Missouri, for a grand jury, as fully as the same remains and appears of record in my office in the circuit court records of said county and State.

(SEAL)   Witness my hand with the official seal of my said office hereunto affixed.   Done at office in Paris, this 20th day of November, A. D. 1905.

"JAMES H. HILL,

"Circuit Clerk Monroe County, Missouri,

"To the Sheriff of Monroe County, Missouri—Greetings:

"These are hereby to command you, to summon twelve good and lawful men to be and appear at the courthouse in the city of Paris, on the 11th day of December, 1905, to serve as grand jurors for the December term of the circuit court for the county of Monroe and State of Missouri.

[Seal] "Witness my hand with the official seal of my office hereunto affixed. Done at my office in Paris this 20th day of November, A. D. 1905.

"JAMES H. HILL,

"Circuit Clerk,

"Monroe County, Missouri.

"I hereby certify that I executed the within writ in the county of Monroe and State of Missouri, by summoning the following-named persons to serve as grand jurors at the December Term, 1905, of the circuit court of Monroe county, Missouri, to-wit: J. J. Brown, H. J. Clapper, Daniel Fleming, W. R. Baskett, William Donaldson, William Woods, Hayden Hayes, Gene Riley, T. C. Delaney, William McDowell, John Hawkins and R. R. Mitchell.

"J. K. P. MASTERSON,

"Sheriff of Monroe County, Missouri.

"Filed Nov. 20, 1905.    James H. Hill, Clerk, By P. G. Marr, D. C."

Oral evidence was also offered to the effect, that the signature of J. J. Brown, under the indorsement on the indictment, "a true bill," was his genuine signature. The court overruled the motion to quash to which appellant saved an exception, and on that ruling makes his only assignment of error on the appeal.

The clerk should have entered in the record the names of the men composing the grand jury, the name of the one appointed foreman, if one was appointed, and that the fact that the jury was duly empanelled, sworn and charged to make diligent inquiry and to

make true presentments of all violations of law given them in charge by the court, etc. The record shows a body of men as a grand jury received the charge of the court and were sworn by the clerk to faithfully perform their duties.

A constitutional and statutory grand jury must be composed of twelve men. The record does not state whether this grand jury was composed of twelve men and therefore it is contended that the record fails to show that the jury was a lawful one. True you cannot prove by the record the grand jury was composed of the required twelve men and if you exclude the evidence offered by the State showing that twelve were summoned, of whom two were excused and two bystanders summoned in their stead, there is no affirmative evidence at all as to the number of men who were charged and sworn as a grand jury. But are we to upset the proceedings of a court of record having general jurisdiction, on what no doubt was a misprision of the clerk by failing to enter on the record the names of the persons composing the grand jury and assume that the judge was blind or negligent and may have empanelled a body of more or less than twelve men as a grand jury, or should we indulge the presumption of regularity and right action on the part of the court where the record is silent? In such circumstances, to quote the language of Judge McFARLAND, in State v. Orrick, 106 Mo. 1. c. 118, 17 S. W. 176, 329, it would seem impossible that the court could be imposed on to charge a grand jury of less or more than twelve men and direct the clerk to administer the proper oath to them in such circumstances. The onus to show that he was imposed upon is upon the party challenging the jury. But aside from this the order issued by the clerk to the sheriff to summon a grand jury and the return of the sheriff, though not in the form of a special venire and though it did not run in

in the name of the State, was a paper in the case and a sufficient memorandum from which the court might have corrected the record by a *nunc pro tunc* entry, showing that the grand jury was composed of twelve men.

2. There was no entry of record showing that Brown was appointed foreman. A foreman is indispensable to a grand jury. He only of the members is authorized to administer oaths to witnesses and no indictment is valid unless indorsed "a true bill," over his official signature and all presentments to the court must be by him in the presence of the other members of the grand jury. Now because the record is silent about the appointment of a foreman, must we hold there was no foreman to swear the witnesses, to indorse the indictment as a true bill and present it to the court, or should we presume the court appointed Brown foreman and the clerk omitted to record the appointment? We repeat what we have said about the other phase of the case, that it would seem impossible that the court failed to appoint a foreman or that it would have received and ordered filed an indictment indorsed by a member of the jury who had not been appointed foreman. It is more consistent with reason and more promotive of justice to presume that the court appointed Brown foreman of the jury but that the clerk omitted to enter the appointment on the records of the court. To do this is but to apply the presumption of right action on the part of courts of record when their records are silent as to the action had. [Meddis v. Kenney, 176 Mo. 200, 75 S. W. 633; Ball v. Woolfolk, 175 Mo. 278, 75 S. W. 410; Wall v. Holladay-Klotz Land & Lumber Co., Ib. 406, 75 S. W. 385; Rosenberger v. Railroad, 96 Mo. App. 504, 70 S. W. 395.]

No reversible error appearing the judgment is affirmed.