LAND, J.
The defendant was indicted for keeping a grog and tippling shop and for retailing spirituous liquors without previously obtaining a license from any town or city authorities or from the police jury of the parish of Red River, which required a license therefor.
The defendant waived arraignment, and pleaded not guilty, and filed motions for bills of particulars. The accused was tried and found guilty as charged. Motions for new trial and in arrest of judgment were filed and overruled. Defendant was sentenced to pay a fine of $500 and to serve six months in the parish jail. Defendant has appealed.
Defendant’s first motion called upon the district attorney to state whether he relied on or intended to introduce the evidence of “spotters,” and, if so, to furnish their names and address. The defendant’s second motion called upon the district attorney to state whether the alleged sale was made by the defendant in person or by another as agent or clerk.
The district attorney answered that the sale was made by the defendant in person, and was not made to a “spotter.”
The first bill of exception was to the refusal of the court to rule out the testimony of one Sam Fletcher, a witness tendered by the state, and objected to by the defendant on the following grounds:
“That he filed a motion asking whether evidence relied upon by the state would be furnished by spotters, and the state answered that it would not, but that defendant is informed and verily believes that this witness was acting in the capacity of a spotter at the time of the alleged crime.”
*280 The extracts following, taken from the testimony of one Mr. Carter, are annexed to the bill:
“Q. Do you know whether or not Mr. Sam Fletcher was acting as a ‘spotter’ when he went to Lons’burg?
“A. I would think so.
“Q. What do you base that on?
“A. From .the way he testified before the grand jury.”
The objection of defendant was overruled by the judge for the following reasons:
“The court knows of no law that the names of the witnesses are to be given, and, even if the law provided that the spotter’s name should be given, it would be for the reason that the defendant have the time to investigate the standing he had in the community in which he lived, and, as this witness lived in Red River parish all of his life, that would not hold, and the defendant made no attempt to prove the witness Sam Fletcher unworthy of belief.”
It is to be noted that the answer of Mr. Carter, supra, is merely his opinion, and proves nothing.
In the case of State v. Mines, 137 La. 489, 68 South. 837, the state witnesses, were strangers in the community, detectives by occupation, and working for a contingent fee of $50 for every conviction secured by their testimony.
We think that the objection of the defendant was properly overruled.
The next bill of exception was taken to the overruling of defendant’s motion for a new trial for the following reasons: -
“The evidence showed beyond doubt that the defendant was guilty, and the defendant had been tried legally and with fairness.”
[2] Bill of exception No. 1 was the only one taken during the trial of the case. But in the motion for a new trial the defendant made the point that the court erred in convicting the defendant in the absence of evidence showing that Red River'parish was a prohibition parish, or that the police jury required a license for the sale of' spirituous liquors. This contention is without merit, as . the question whether the parish was “dry” or “wet” was immaterial. State v. Hollingsworth, 137 La. 478, 68 South. 834.
The motion for a new trial' was properly overruled. The motion in arrest is a duplication of objections raised in the motion for a new trial.
[1] Defendant in his brief in this court makes the objection that the transcript does, not show that a grand jury was ever impaneled or that a foreman was appointed.
The presumption is that the grand jury was duly organized. Objection to the organization of the grand jury comes too late after plea and trial. State v. Harp, 133 La. 1007, 63 South. 500.
Judgment affirmed.