[Crim. No. 854. Third Appellate District.—June 26, 1925.]

# THE PEOPLE, Respondent, v. NATALE MERAVIGLIA, Appellant.

[1] CRIMINAL LAW—RAPE—PRIOR SENTENCE TO STATE PRISON—PREJUDICE OF JURY—EVIDENCE.—In a prosecution under an indictment charging defendant with the crime of rape of his own fourteen year old daughter, the defendant may not complain that his conviction was due to prejudice of the jury acquired from knowledge of the fact that he had previously served a sentence in the state's prison, where this was brought out deliberately by his cross-examination of the prosecutrix.

[2] ID. — SUFFICIENCY OF INDICTMENT — SWEARING OF GRAND JURY.— In this prosecution under an indictment charging defendant with the crime of rape of his own fourteen year old daughter, the indictment was in the form prescribed by section 951 of the Penal Code; and our statute does not require the indictment to affirmatively show that the grand jury was sworn.

[3] ID.—IMPANELING OF JURY—OATH—PRESUMPTION.—Upon the impaneling of a grand jury sections 903 and 904 of the Penal Code prescribe the form and require the oath to be administered; and it is presumed that the officers have performed their duty and that the grand jurors have been sworn.

[4] ID.—SELECTION AND ORGANIZATION OF GRAND JURY—PRESUMPTION OF LEGALITY.—In the absence of evidence to the contrary, it will be presumed that the grand jury was regularly and legally selected, impaneled, organized and sworn and that their proceedings were lawful and regular.

[5] ID.—WAIVER OF IRREGULARITIES.—By his plea of not guilty, and by his failure to demur or move to set aside the indictment against him, a defendant waives any objection which he might have urged as to any irregularities in the organization or impaneling of the grand jury.

[6] ID. — IRREGULARITIES IN FORM OF PLEADING — TRIAL — APPEAL— WAIVER OF OBJECTIONS.—A defendant may not be permitted to submit to a trial on the merits without objection, taking his chances of obtaining a favorable verdict, and reserve, in the event of an adverse judgment, any objection which he may have to mere irregularities in the form of indictment or pleading, for an attack in the appellate court for the first time.

1. See 8 Cal. Jur. 564.
6. See 14 Cal. Jur. 88.

[7] ID.—ABSENCE OF MARITAL RELATION—CIRCUMSTANTIAL EVIDENCE.— It is a necessary element of rape under our statute to prove that the prosecutrix was not the wife of the defendant. This need not be shown by direct evidence, but may be established by circumstances.

[8] ID.—NONMARRIAGE—EVIDENCE.—In a prosecution on a charge of rape, where the indictment charges that the prosecutrix was not the wife of defendant, and throughout the trial this is assumed by all parties to be the fact, and is not questioned, and it appears without conflict that the prosecutrix is the daughter of defendant, that she is a mere school girl bearing her maiden name, and that she lives at a convent apart from defendant, the evidence of nonmarriage is sufficient.

[9] ID.—AGE OF PROSECUTRIX—EVIDENCE.—Where the prosecutrix herself testifies that she is fourteen years of age, and that fact is not disputed, it is sufficient proof of her age, taken in connection with her youthful appearance upon the witness-stand.

[10] ID.—EVIDENCE—NUMEROUS OFFENSES—ELECTION.—In a prosecution for rape, where the first and chief offense testified to at the trial conforms with the allegation contained in the indictment, but numerous offenses of the same sort are thereafter proven, and, although there is no demand of the prosecution to make an election of the particular offense relied upon, the court suggests during the course of the trial that he assumes that the prosecution has elected to stand upon the offense stated in the indictment, if the defendant desires a more specific election he should say so; and if no particular offense is elected at the trial, the first evidence that tends to prove an offense is deemed to be the selection.

[11] ID.—SEVERAL OFFENSES—RIGHT TO DEMAND ELECTION—WAIVER BY SILENCE.—Where the evidence discloses more than one offense, the defendant is entitled to demand that the prosecution elect to stand upon some specific offense; but the defendant may not sit silent during the trial with respect to an election and speculate upon the outcome, and for the first time on appeal complain of a lack of choice.

[12] ID.—CONTINUOUS COURSE OF ADULTEROUS CONDUCT—AGGRAVATION OF CRIME—EVIDENCE.—In a prosecution under an indictment charging defendant with the crime of rape of his own fourteen year old daughter, evidence showing a continuous course of lascivious and adulterous conduct with the prosecutrix, on defendant's part, including the enforcement of the practice described in section

7. See 22 Cal. Jur. 396.
8. See 22 R. C. L. 1221.
9. See 22 R. C. L. 1201.
10. See 8 Cal. Jur. 230.

288a of the Penal Code, is competent and admissible to show the lustful and amorous purpose of defendant, and the means by which he sought to arouse the passions of his daughter; and. such conduct aids to aggravate the crime with which defendant is charged.

[13] ID.—PROSECUTRIX UNDER AGE OF CONSENT—LUSTFUL DISPOSITION OF DEFENDANT—EVIDENCE.—Where the prosecutrix is under the age of consent, lewd and lascivious conduct and other acts of sexual intercourse between the parties may be shown for the purpose of corroborating the prosecutrix and showing the lustful disposition of the accused.

[14] ID.—COMPETENCY OF CHILD AS WITNESS.—In this prosecution for rape, it was not error to permit the nine year old sister of the prosecutrix to testify that on one occasion she observed defendant take the prosecutrix into a bedroom, lock the door and pull down the blinds,. where she appeared to be intelligent, well able to express herself and give her impressions, and appeared to realize that she was expected to tell nothing but the truth, and that she was liable to be punished if she swore falsely.

[15] ID.—TEST OF COMPETENCY OF CHILD.—The test of the competency of children to testify in the trial of a case is that they may possess sufficient intelligence, understanding and ability to receive and fairly accurately recount their impressions, and that they have knowledge of the nature of an oath, and the moral sense to realize they should tell nothing but the truth, and are liable to be punished for telling falsehoods.

[16] ID.—PREPARATION FOR OFFENSE—CONCLUSIONS OF CHILD—MOTION TO STRIKE.—In such prosecution, the question asked of said child, "Why didn't you go into the bedroom," and her answer, given after the overruling of defendant's objection, "He wouldn't let me," were competent, as indicating secrecy and preparation for the commission of the offense; and while said answer may have been a conclusion, the question did not indicate that it called for a conclusion, and when the conclusion was stated defendant should have moved to strike it out.

[17] ID.—CREDIBILITY OF PROSECUTRIX—HATRED TOWARD DEFENDANT—EVIDENCE.—In this prosecution under an indictment charging defendant with the crime of rape of his fourteen year old daughter, evidence of an escapade of the prosecutrix, consisting of an automobile ride with a number of other girls and boys to another town,

13.   Evidence of other crimes in prosecution for rape, notes, 62 **L. R. A.** 228; 48 **L. R. A. (N. S.)** 236.   See, also, 22 **Cal. Jur.** 390; 22 **R. C. L.** 1207.

15.   Test of competency of children as witnesses, note, 19 **L. R. A.** 607.   See, also, 28 **R. C. L.** 461–463.

17.   See 22 **Cal. Jur.** 393; 25 **R. C. L.** 1211.

from which they returned very late, and for which defendant severely punished the prosecutrix, was not admissible for the purpose of showing that the prosecutrix had incurred hatred toward defendant, thereby attacking her credibility; and evidence sought to be elicited to the effect that because of such escapade, two other girls had been dismissed from the convent where they and the prosecutrix had lived, was too remote, and objection thereto was properly sustained.

[18] ID.—UNCORROBORATED TESTIMONY OF PROSECUTRIX—PROVINCE OF JURY—VERDICT.—In this prosecution under an indictment charging defendant with the crime of rape of his own fourteen year old daughter, the uncorroborated testimony of the prosecutrix was sufficient to warrant a conviction; and the weight and confidence to be given to her testimony was a matter to be determined solely by the jury.

(1) 17 C. J., p. 211, n. 4.    (2) 17 C. J., p. 216, n. 44.    (3) 17 C. J., p. 216, n. 44.    (4) 17 C. J., p. 216, n. 44.    (5) 31 C. J., p. 872, n. 43.    (6) 17 C. J., p. 53, n. 90.    (7) 33 Cyc., p. 1451, n. 97, p. 1488, n. 31.    (8) 33 Cyc., p. 1488, n. 31.    (9) 22 C. J., p. 171, n. 58.    (10) 16 C. J., p. 863, n. 56, 58.    (11) 16 C. J., p. 860, n. 17.    (12) 16 C. J., p. 608, n. 98.    (13) 33 Cyc., p. 1483, n. 95.    (14) 40 Cyc., p. 2200, n. 58.    (15) 40 Cyc., p. 2200, n. 58:    (16) 16 C. J., p. 879, n. 56.    (17) 33 Cyc., p. 1481, n. 82.    (18) 33 Cyc., p. 1496, n. 82.

APPEAL from a judgment of the Superior Court of Nevada County and from an order denying a new trial. George L. Jones, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THOMPSON, J., *pro tem.*—The defendant was indicted by the grand jury of Nevada County for the crime of rape with his own fourteen year old daughter, alleged to have occurred on or about January 1, 1925. No demurrer or motion to quash was filed. The defendant plead not guilty. He was tried by a jury and convicted.

18. See 22 Cal. Jur. 399.

The circumstances of the case are extremely revolting. The defendant had been separated from his wife for a number of years. His daughter was living at a convent in Grass Valley. He was guilty of a course of immoral and lascivious conduct toward her for a period of time. This was for the apparent purpose of arousing her passions and intimidating her. His conduct and declarations were reprehensible and disgusting. Every necessary element of the crime was so conclusively proven, and the law affecting these questions is so well settled, that good faith in prosecuting this appeal may well be questioned.

From the judgment of commitment, and the order denying the motion for new trial, this appeal was taken.

The defendant urges a reversal of the judgment upon a claim that the record fails to show (1) that the grand jury was sworn, (2) that the prosecutrix was not the wife of the defendant, (3) that her age was not proven, (4) that evidence of actual penetration was lacking, (5) that the prosecution failed to make an election as to the particular offense relied upon, (6) that evidence of prior lewd conduct of the defendant was admitted, (7) that a child of immature years was permitted to testify, (8) that defendant was not permitted to show a certain escapade of the prosecutrix and (9) that there was a fatal lack of corroboration.

There is so little merit in most of these contentions, and the evidence is of such an offensive character, that little testimony will be quoted. This omnibus challenge to every essential feature of the case is answered by a cursory reading of the record.

Appellant claims there is a lack of evidence sufficient to warrant his conviction. [1] He charges his conviction to prejudice of the jury acquired from knowledge of the fact that he had previously served a sentence in state's prison. But this is not a matter of which he may complain, since this was brought out deliberately by his cross-examination of the prosecutrix.

[2] The indictment was in the form prescribed by section 951 of the Penal Code. Our statute does not require the indictment to affirmatively show that the grand jury was sworn. [3] Upon the impaneling of a grand jury sections 903 and 904 of the Penal Code prescribe the form and require the oath to be administered. It is presumed that

the officers have performed their duty and that the grand jurors have been sworn.· (Code Civ. Proc., sec. 1963, subd. 15.)

[4]  In the absence of evidence to the contrary, it will be presumed that the grand jury was regularly and legally selected, impaneled, organized and sworn and that their proceedings were lawful and regular. (10 Stand. Ency. of Proc. 662.)  In *Kinkard* v. *State,* 157 Ind. 534 [62 N. E. 14], it is said: "The weight of modern authority as well as sound reason sustains the proposition that where an indictment regular upon its face is returned into open court without objection, it will, in the absence of any showing to the contrary, be presumed that the grand jury returning it was duly empaneled, charged and sworn. If any objection to the organization of the grand jury existed, it should have been presented to the trial court by motion or plea in abatement." (*State* v. *Broussard,* 133 La. 884 [63 South. 390]; *State* v. *Vaughn,* 132 Mo. App. 135 [112 S. W. 728]; *State* v. *Maupin,* 196 Iowa, 194 [192 N. W. 828, 195 N. W. 517]; *People* v. *Dear,* 286 Ill. 142 [121 N. E. 615]; *State* v. *Dorr,* 139 La. 277 [71 South. 509].)

[5]  By his plea of not guilty, and by his failure to demur or move to set aside the indictment in this case, the defendant has waived any objection which he might have urged as to any irregularities in the organization or impaneling of the grand jury.  (12 Stand. Ency. of Proc. 664.)
[6]  A defendant may not be permitted to submit to a trial on the merits without objection, taking his chances of obtaining a favorable verdict, and reserve, in the event of an adverse judgment, any objection which he may have to mere irregularities in the form of indictment or pleading, for an attack in the appellate court for the first time.  (14 Cal. Jur. 88; *People* v. *Rodney,* 131 Cal. 240 [63 Pac. 351]; *People* v. *Monteith,* 73 Cal. 7. [14 Pac. 373].)

· [7]  It is a necessary element of rape under our statute to prove that the prosecutrix was not the wife of the defendant.  This need not be shown by direct evidence, but may be established by circumstances.  [8]  In this case the indictment charged this fact; the court instructed the jury that it was a necessary element, and that they could not convict the defendant unless it was proven beyond a reasonable doubt; throughout the trial it was assumed by all

parties concerned to be a fact, and was not questioned; it appears without conflict that the prosecutrix is the daughter of the defendant, and is a mere school girl bearing her maiden name, and living at a convent apart from the defendant. Moreover a marriage between parents and children, under the provisions of section 59, Civil Code, is absolutely void. Under such circumstances slight evidence of nonmarriage is sufficient. The evidence of that fact in this case is entirely satisfactory. In 22 R. C. L., at page 1221, it is said: "It is generally held that it is not absolutely necessary to prove nonmarriage by direct and positive testimony; but, like any other fact, it may be proved by facts and circumstances from which the conclusion may be drawn. Thus where a case was tried apparently on the assumption that the marriage relation did not exist, but it did appear that the victim was a mere school girl bearing her maiden name and living with her parents, it was held that the fact of nonmarriage was clearly established." (*State* v. *May,* 59 Wash. 414 [Ann. Cas. 1912B, 113, 109 Pac. 1026]; *People* v. *Allison,* 44 Cal. App. 118 [185 Pac. 992]; *People* v. *Bonzani,* 24 Cal. App. 549 [141 Pac. 1062].)

[9] Where the prosecutrix herself testifies that she is fourteen years of age, and that fact is not disputed, it is sufficient proof of her age, taken in connection with her youthful appearance upon the witness-stand. (22 R. C. L. 1201; 22 C. J. 171; *People* v. *Elgar,* 39 Cal. App. 78 [178 Pac. 168]; *People* v. *Pribnow,* 61 Cal. App. 258 [214 Pac. 475].)

There is an abundance of evidence in the record of actual penetration.

[10] The first and chief offense testified to at the trial conformed with the allegation contained in the indictment, and occurred on January 1, 1925. Numerous other offenses of the same sort were afterward proven. There was no demand of the prosecution to make an election of the particular offense relied upon, although the court did suggest during the course of the trial: "I assume that the prosecution has elected to stand upon the offense of January 1st, 1925." If the defendant desired a more specific election he should have said so. If no particular offense is elected at the trial, the first evidence that tends to prove an offense is deemed to be the selection. (*People* v. *Williams,* 133

Cal. 165 [65 Pac. 323]; 8 Cal. Jur. 230.)   Moreover, the trial court charged the jury that it must find beyond a reasonable doubt that the defendant committed the offense on the specific date of January 1, 1925.

[11]   Where the evidence discloses more than one offense, the defendant is entitled to demand that the prosecution elect to stand upon some specific offense.   The reason for this rule is that the defendant is entitled to a unanimous verdict as to a specific offense.   Otherwise some jurors might believe him guilty of one of the offenses proven, and other jurors might be convinced as to some other offenses proven, and it is apparent that all must concur as to his guilt of one and the same offense.   And so it follows that the defendant may demand an election as to the specific one relied upon. But it has been held that the defendant may not sit silent during the trial with respect to an election and speculate upon the outcome, and then for the first time complain of a lack of choice, on appeal.   (*State* v. *Hamilton,* 263 Mo. 294 [172 S. W. 593]; 22 Stand. Ency. of Proc. 304.)   To meet this uncertainty our court has wisely said that in the absence of a specific demand or selection it will be presumed that the prosecution relies upon the particular offense as to which he first submits evidence.   In this case the evidence is satisfactory as to election and conviction of a specific charge.

[12]   The defendant claims that he was prejudiced by admission of evidence of his guilt of the heinous crime described in section 288a of the Penal Code, with the prosecutrix, and other acts of rape, with her, prior to the offense chiefly relied upon by the prosecution.   The evidence does show a continuous course of lascivious and adulterous conduct with her, on his part, including the enforcement of the practice described in that section of the code.   But it was all necessarily involved in the story of his treatment of the child to show his lustful and amorous purpose, and the means by which he sought to arouse the passions of his daughter.   If his conduct thus involved another distinct offense, it was nevertheless competent and admissible.   In fact, such conduct only aids to aggravate the crime with which he was charged.

[13]   Where the prosecutrix is under the age of consent, lewd and lascivious conduct and other acts of sexual inter-

course between the parties may be shown for the purpose of corroborating the prosecutrix and showing the lustful disposition of the accused. (10 Ency. of Ev. 595; 22 R. C. L. 1207; *People* v. *Wademan,* 38 Cal. App. 25 [175 Pac. 791]; *People* v. *Koller,* 142 Cal. 621 [76 Pac. 500].)

[14] Nor was it error to permit the witness Maudie, a child of nine years of age, to testify. The material circumstances to which she testified were that on one occasion she observed the defendant take the prosecutrix into a bedroom, lock the door and pull down the blinds. Before permitting her to testify she was rather carefully examined as to her qualifications. She appeared to be intelligent, well able to express herself and give her impressions, and appeared to realize that she was expected to tell nothing but the truth, and that she was liable to be punished if she swore falsely. As the trial judge aptly said: "I think the child shows sufficient appreciation of the nature of an oath." [15] The test of the competency of a child to testify in the trial of a case is that they may possess sufficient intelligence, understanding and ability to receive and fairly accurately recount their impressions; and that they have knowledge of the nature of an oath, and the moral sense to realize they should tell nothing but the truth, and are likely to be punished for telling falsehoods. (28 R. C. L. 461–463.) The record discloses no reason to believe that she did not possess these qualifications.

[16] After this witness had testified that her father and sister had gone into the bedroom she was asked by the prosecution: "Why didn't you go into the bedroom?" Which was objected to on the ground that it was incompetent and calling for a conclusion. The objection was overruled, and the witness answered: "He wouldn't let me." There was no motion to strike this out on the ground that it was a conclusion. The question and answer certainly are competent. They indicate secrecy and preparation for the commission of the offense. The answer may have been a conclusion, but the question did not indicate that it called for a conclusion. When the conclusion was stated the defendant should have moved to strike it out. This was not error.

[17] The escapade of the prosecutrix which the defendant complains of being prevented from proving, consisted of an automobile ride with a number of other girls and

boys. They left the convent and went to Nevada City and returned rather late. On cross-examination the defendant went into this affair to considerable length. He attempted to suggest that her relationship with some of the boys was improper. No impropriety was shown. He then attempted to prove that the prosecutrix held enmity toward her father, because he punished her severely at the convent because of this escapade. Indeed, the mother superior did interfere when he was beating her. She was asked if she didn't hate her father because he had punished her. She replied that she did not, but that she had said she would rather go to her mother who lived in San Francisco. After pages of examination relative to this episode, counsel for the defendant asked: "Q. And on account of that running away that night, these two Lewis girls were expelled from the convent?" An objection was sustained to this question on the ground that it was incompetent and not proper cross-examination. This was evidently an attempt to attack the credibility of the prosecutrix by showing that she had incurred hatred toward her father because he had punished her because of alleged indiscretions on this occasion. This was incompetent. In 25 R. C. L. 1211, it is said: "It is the well-settled general rule that the bad reputation of the prosecutrix on a charge of statutory rape, may not be shown to impeach her credibility. The law conclusively presumes that the girl could not give her consent, and every act of intercourse with her would be a crime . . . and her conduct therefore could not affect her credibility." At least the evidence sought to be elicited to the effect that two other girls had been dismissed from the convent because of the escapade was too remote. There was no prejudicial error in it.

[18] The uncorroborated testimony of the prosecutrix under the well-established rule of this state is sufficient to warrant a conviction. The weight and confidence to be given to her evidence is a matter to be determined solely by the jury. (*People* v. *Britt*, 62 Cal. App. 674 [217 Pac. 767]; *People* v. *Rabbit*, 64 Cal. App. 264 [221 Pac. 391]; *People* v. *Akey*, 163 Cal. 54 [124 Pac. 718].)

The judgment and order are affirmed.

Plummer, J., and Finch, P. J., concurred.