[Crim. No. 1088.   Fourth Dist.   Oct. 11, 1956.]

THE PEOPLE, Respondent, v. DARNES JOHNSON, Appellant.

Darnes Johnson, in pro. per., and Alpha L. Montgomery, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant and appellant (colored and aged 23 years) was charged with committing statutory rape (Pen. Code, § 261, subd. 1) upon a white girl, aged 13 years, in two separate counts on two separate occasions. He was convicted by the court sitting without a jury only on one count, i. e., on the date of November 6, 1955, and sentenced to state's prison. The only question presented is the sufficiency of the evidence to support the finding.

The complaining witness claimed that an act of sexual intercourse took place between them on the evening of November 6, 1955, at her home, while her mother was away; that on that occasion she returned a brown leather jacket to him that he had loaned to her on a previous occasion; that previously, on October 14, 1955, she had a similar act of sexual intercourse in defendant's car near Torrey Pines. She testified that another boy (white) now deceased, came to her mother's home to pick her up, and told the mother he was Darnes Johnson; that she and the boy later met the real Darnes Johnson, defendant herein, and the complaining wit-

ness and defendant went out together on occasions and would drink white wine. A pelvic examination on November 30, 1955, indicated an old laceration of the hymen but there was no evidence of a fresh injury. The complaining witness testified she made no complaints about these occurrences until approached by a school official about defendant, and the official asked if she had been out with defendant and had intercourse with him; that she first denied it and later she thought defendant had told everything so she did too. She admitted calling defendant on the telephone at his home on several occasions.

The mother of the complaining witness testified she did not know her daughter was going out with defendant but believed it was a white boy who was introduced to her as Darnes Johnson; that the white boy came to her house and picked up her daughter on several occasions; that on one occasion she saw her daughter wearing a brown leather jacket which was not hers.

Defendant produced a witness who testified he was with the defendant on October 14th at a football game at the time indicated by the complaining witness, and that the complaining witness was not there. Other witnesses testified in support of this claimed alibi. Defendant denied having sexual intercourse with the complaining witness and said that he had never been in her house and did not know where she lived; that she was in his car on one occasion, with others, in September, 1955; that after she called him on the telephone, which was a common occurrence, on one occasion he suggested they go to a beach party in La Jolla; that he did not take her home; that he had no brown leather jacket but he had a brother-in-law who did, and he wore it sometimes; that he had an address book with her address in it; and that on November 6, 1955, he had been separated from his wife for a short time and on that evening had taken his two children over to his wife's residence from his mother's residence and then returned to his home.

Defendant's wife testified in his behalf and said the complaining witness had called defendant on a dozen occasions; that she called the complaining witness's mother and complained; and that defendant owned a leather jacket in the month of June.

The mother of the complaining witness testified that a voice called over the telephone for the complaining witness on many occasions; that the name given was Darnes; that believing he

was the white boy she had met she allowed her daughter to go out on several occasions; that after the preliminary hearing this same voice called and told her if she testified at the trial she would be sorry; that she received a call from one whose voice sounded like Mrs. Johnson, and she was asked if she knew her daughter was going out with defendant, her husband; that she told the mother he was colored and had two children; that the complaining witness's mother complained to the police and they came to see her about it.

Another witness testified he was present in a car with defendant when he picked up the complaining witness and one Lee Evans, a white boy; that he had seen a white girl with defendant on four or five other occasions; and that he just assumed it was the complaining witness.

The fact that the victim made no complaint or outcry is not determinative of the issue. It was only a circumstance to be considered by the trial court. Although corroboration is not required, there are surrounding circumstances pointing to the guilt of defendant. There was sufficient evidence to support the conviction and to allow the court to reject the purported alibi of defendant. (*People* v. *Meraviglia,* 73 Cal.App. 402 [238 P. 794] ; *People* v. *MacDonald,* 167 Cal. 545 [140 P. 256] ; *People* v. *Stangler,* 18 Cal.2d 688 [117 P.2d 321].)

Judgment affirmed.

Barnard, P. J., concurred.