[Crim. No. 7970.   Second Dist., Div. Four.   June 22, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. LOUIS
JANISSE, Defendant and Appellant.

Lloyd G. Griffith for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Carlos F. Borja, Jr., Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the district attorney of Los Angeles County, defendant was charged with illegal possession of marijuana in violation of section 11530, Health and Safety Code. Two prior narcotic laws offenses were alleged, including violations of section 11500 and 11714 of the Health and Safety Code. Defendant pleaded not guilty and denied the priors. Trial was by the court, trial by jury having been duly waived by defendant and by all counsel. Defendant was found guilty as charged. Both priors as alleged were found to be true. A probation report was ordered. Defendant's motion for a new trial was denied; probation was denied and defendant was sentenced to state prison for the term prescribed by law. The sentence was ordered to run concurrently with any other sentence being served.

A résumé of the facts is as follows:

On or about the 8th of May 1961, about midnight, defendant entered Better Foods Market at 306 East Florence Avenue, Los Angeles, as a customer. George Surber, an off-duty officer of Los Angeles Police Department (also employed as a security officer at the market), observed defendant walk into the market, obtain a loaf of bread and a package of lunch meat; the security officer testified he observed defendant pay for the bread, but not for the lunch meat. He placed him under arrest for "petty theft" and searched him for weapons. Prior to booking defendant at the station, he was asked to take out his personal property and was again searched. During this last search Officer Cox discovered a cigarette wrapped in white paper in defendant's shirt pocket. It resembled marijuana. Defendant asked Officer Cox to keep quiet about the cigarette and to throw it away. He said he received it from an unknown person at a bar called "Marty's." Defendant referred to the cigarette as a "stick of weed" which in narcotic users' parlance refers to marijuana.

It was stipulated by all counsel at the trial that a qualified expert forensic chemist would testify that in his opinion the cigarette contained marijuana.

Defendant contends it was not legally proper to have stricken out "violation of Sec. 11500" from the typewritten information and to have substituted "violation of Sec. 11530" without such changes having been initialed and dated by the person authorized to make them. This contention is without merit. "It is only required that the pleading be 'in any words sufficient to give the accused notice of the offense of which he is accused.' (Pen. Code, § 952.)" (*People* v. *Roberts,* 40 Cal.2d 483, 486 [254 P.2d 501].)

As stated in *People* v. *Braddock,* 41 Cal.2d 794, 799 [264 P.2d 521] : "An information is formally sufficient if, in substance, it charges the defendant with the commission of a public offense in words 'sufficient to give the accused notice of the offense of which he is accused.' (Pen. Code, § 952.)"

The accusatory pleading in this case was so worded as to give defendant notice of the offense of which he was charged, to wit, possession of marijuana. At no time during the trial did defendant or his counsel make any assertion that they were unaware of the charges made against defendant. (See *People* v. *Severino,* 122 Cal.App.2d 172, 181 [264 P.2d 656].)

Penal Code section 960 provides: "No accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits."

Penal Code section 1404 provides: "Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right." Certainly the change in the information complained of in the case at bench created no prejudice to the defendant in respect to a substantial right.

As stated in *People* v. *Meraviglia,* 73 Cal.App. 402, 407 [238 P. 794] : "A defendant may not be permitted to submit to a trial on the merits without objection, taking his chances of obtaining a favorable verdict, and reserve, in the event of an adverse judgment any objection which he may have to mere irregularities in the form of indictment or pleading, for an attack in the appellate court for the first time. [Citations.]"

Defendant next contends that the evidence was insufficient to establish that he wilfully, unlawfully and feloniously pos-

sessed narcotics. With this we disagree. The information charged that defendant "did wilfully, unlawfully and feloniously have in his possession a narcotic, to wit, marijuana." Defendant was convicted of possession of the narcotic. ▮ Guilty knowledge will not be presumed and must be established by the evidence. ▮ As stated in *People* v. *Miller*, 176 Cal.App.2d 571, 577 [1 Cal.Rptr. 656]: "It is settled that the elements required for a conviction may be established by circumstantial evidence from which reasonable inferences may be drawn by the trier of fact. [Citations.]"

In *People* v. *Foster*, 115 Cal.App.2d 866, 868 [253 P.2d 50], the court stated, "To show such knowing possession the conduct of the parties, admissions or contradictory statements and explanations are frequently sufficient. [Citations.]"

There is sufficient evidence in the record from which the trier of fact could draw a reasonable inference that defendant had knowledge of the marijuana cigarette which was found in his shirt pocket. ▮▮ His peculiar behavior and the fact that he told Officer Cox to keep quiet about the cigarette and to throw it away established defendant's knowledge of the nature of the cigarette.

We can find no error here, and the judgment is affirmed.

Burke, P. J., and Balthis, J., concurred.