Filed 7/18/13  In re Anthony N. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ANTHONY N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>ANTHONY N.,<br><br>        Defendant and Appellant. | F066247<br><br>(Super. Ct. No. 511564)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Susan D. Siefkin, Judge.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ward A. Campbell and Sean M. McCoy, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Cornell, Acting P.J., Franson, J., and Peña, J.

On September 25, 2012, the court sustained allegations in a petition (Welf. & Inst. Code, § 602) charging appellant, Anthony N., with resisting arrest (Pen. Code, § 148, subd. (a)(1)).

On October 25, 2012, the court adjudged appellant a ward of the court and placed him on probation.

On appeal, Anthony contends there is insufficient evidence to support the court's finding that he violated Penal Code section 148, subdivision (a)(1). We affirm.

## FACTS

### *The Prosecution Case*

On March 5, 2012, at approximately 5:45 p.m., Modesto Police Officer Daniel Starr was on patrol traveling south on Sutter Avenue south of Rouse Avenue when he heard three to five gunshots. A few seconds later a black Lexus traveling slowly, north on Sutter Avenue passed him. Officer Starr heard another gunshot and saw a large amount of dust and debris "kick up" next to the driver's window of the Lexus, which caused him to believe that one of the Lexus's occupants fired a gun. Officer Starr made a U-turn and radioed dispatch that he had just observed a drive-by shooting. He followed the Lexus with his siren and emergency lights on as it ran two stop signs, turned right (east) on Rouse Avenue and traveled past Colorado Avenue before stopping next to a barn-like building located on the south side of the street.

After the Lexus's driver and passenger exited the car, the passenger ran southbound, jumped over a chain-link fence, and ran away. The driver, whom Officer Starr identified in court as Anthony, appeared confused, disobeyed Officer Starr's commands to get on the ground, and jumped over the same chain-link fence. However, after the driver climbed back over the fence, Officer Starr pointed his gun at him and ordered him to raise his hands and get on the ground. This time, the driver obeyed and

2

got on the ground.  After a few seconds, however, the driver got up, jumped over the same fence, and ran out of Officer Starr's field of vision.

Officer Starr knew other units were on the way so he backed up his patrol car to the intersection of Rouse Avenue and Colorado Avenue to set up a perimeter.

Approximately 50 officers from different agencies soon arrived on the scene. Several officers went to a house on Rouse Avenue where Anthony lived, which was located on the south side of the street a short distance east of where the Lexus stopped. Anthony and several family members were in the fenced front yard yelling at the officers as six dogs ran around barking.  The officers eventually entered the front yard and ordered everyone, including Anthony, to the ground.  However, Anthony and his brother ran into the house.  Officer Charlene Young then used the public address speaker on a patrol car to direct Anthony and everyone else in the house to come out with their hands up.  Five to fifteen minutes later when Anthony and his brother came out of the house, Anthony was handcuffed and placed in a patrol car.  Officer Starr was still at his position maintaining a perimeter when Anthony was taken into custody.

## DISCUSSION

Count 6 of the petition alleged,

> "On or about March 5, 2012, minor did commit a misdemeanor, RESISTING ARREST, violation of Section 148(a)(1) of the California Penal Code, in that the minor did willfully and unlawfully resist, delay and obstruct OFFICER STARR, who was then and there a public officer of the MODESTO POLICE DEPARTMENT discharging and attempting to discharge a duty of his office."

Anthony contends the evidence did not establish beyond a reasonable doubt that he was the driver of the Lexus who refused to obey Officer Starr's commands to get on the ground.  He further contends that because Officer Starr was not present at the residence when he was arrested, the evidence was insufficient to support the "court's specific finding that [he] willfully and unlawfully resisted, delayed and obstructed Officer

3

Starr." According to Anthony, in order for the court to have found he resisted, delayed or obstructed a peace officer in the performance of his duties, the petition needed to make this allegation with respect to the officers who were actually at the scene when he was arrested. We disagree.

"To determine the sufficiency of the evidence to support a conviction, an appellate court reviews the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Kipp* (2001) 26 Cal.4th 1100, 1128.)

"'The legal elements of a violation of [Penal Code] section 148, subdivision (a) are as follows: (1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties. [Citations.]' [Citation.] The offense is a general intent crime, proscribing only the particular act (resist, delay, obstruct) without reference to an intent to do a further act or achieve a future consequence. [Citation.]" (*In re Muhammed C.* (2002) 95 Cal.App.4th 1325, 1329.)

Here, Officer Starr radioed dispatch that he was chasing suspects involved in a drive-by shooting and his call resulted in more than 50 peace officers responding to the area where the Lexus stopped. After the occupants of the Lexus fled from Officer Starr, he moved his patrol car to the intersection of Rouse Avenue and Colorado Avenue in order to establish a perimeter. While Officer Starr was positioned at that location, Anthony and his brother disobeyed orders by other officers in front of his residence to get on the ground, and both juveniles ran in the house. Further, Anthony did not exit the house until several minutes after Officer Young ordered him to do so on a public address speaker. By disobeying the officers who ordered him to get down on the ground and to

4

exit the house, Anthony delayed and obstructed the officers attempting to enter the yard in the performance of their duties. They also delayed and obstructed Officer Starr in the performance of his duties because it caused him to have to remain at his location, maintaining a perimeter, longer than he otherwise would have if Anthony and his brother had immediately complied with the other officers' orders to get on the ground. Thus, there is no merit to Anthony's contention that the evidence does not support the specific allegation in the petition that he resisted, delayed, or obstructed Officer Starr in the performance of his duties.

Moreover, even if there was a variance between the pleading and proof of the resisting arrest charge, reversal would not be required. A defendant "forfeit[s] his right to object to an alleged variance between the pleading and the proof by failing to raise the objection in the trial court." (*People v. Maury* (2003) 30 Cal.4th 342, 427 (*Maury*).) As explained by the court in *People v. Meraviglia* (1925) 73 Cal.App. 402, "A defendant may not be permitted to submit to a trial on the merits without objection, taking his chances of obtaining a favorable verdict, and reserve, in the event of an adverse judgment, any objection which he may have to mere irregularities in the form of indictment or pleading, for an attack in the appellate court for the first time." (*Id*. at p. 407.) Since Anthony did not object to variance between the petition and the proof at his jurisdictional hearing, he forfeited his right to raise this issue on appeal.

In any event, "'[t]he test of the materiality of variance in an information is whether the pleading so fully and correctly informs a defendant of the offense with which he is charged that, taking into account the proof which is introduced against him, he is not misled in making his defense.' [Citation.]" (*Maury*, *supra,* 30 Cal.4th at p. 427.) Anthony has failed to show or even assert that he was prejudiced by the variance. Nor do we find that the variance was of such a substantial character as to have misled Anthony in the preparation of his defense. (*People v. Collins* (1960) 54 Cal.2d 57, 60.) During

5

closing arguments defense counsel addressed Anthony's conduct in running from the front yard into the house after he was instructed by officers to get on the ground.[1] This clearly demonstrates that the variance did not mislead defense counsel in preparing Anthony's defense. Under these circumstances, the variance was immaterial.

## DISPOSITION

The judgment is affirmed.

---

[1] During closing arguments, defense counsel argued: "As to the resisting arrest, your Honor, there's no evidence there was a warrant when they were in the house so they don't have to leave. But in the event [the] Court were to find it true, I would understand. I'll just address that one area and exigent circumstances. There's no reasonable evidence there were exigent circumstances either to allow entry without a warrant. But basically the entry into the residence --  [¶]  I'll leave it at that, your Honor. Thank you."